1869.]        Beckwith *v.* English.        147

Syllabus.    Statement of the case.    Opinion of the Court.

## Hiram W. Beckwith

### *v.*

## Joseph G. English.

Board of supervisors—*of their power to reconsider the levy of a tax.*
A board of supervisors having passed a resolution, levying a tax for the
building of a bridge, on the following day reconsidered that resolution and
laid it upon the table, before it had become a record of the board, and before
any rights had accrued under it, or duties imposed by it: *Held,* the board had
the power so to reconsider their action, and their clerk had no right to
extend such tax upon the collector's books.

Appeal from the Circuit Court of Vermilion county; the
Hon. James Steele, Judge, presiding.

This was an action of assumpsit brought by English, against
Beckwith, as county treasurer of Vermilion county, to recover
money alleged to have been paid under duress. The money
so sought to be recovered had been collected from the plain-
tiff by the collector, under a levy of a tax alleged to have
been made by the board of supervisors. The trial resulted
in a verdict and judgment for the plaintiff, and the defendant
appealed.

Mr. O. C. Davis, for the appellant.

Mr. R. W. Hanford, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of assumpsit in the Vermilion Circuit
Court, by Joseph G. English, against Hiram W. Beckwith, to
recover back money paid to him under duress, and a recovery
by the plaintiff.

To reverse the judgment the defendant appeals to this court.

Many of the questions arising in this case, were discussed and settled in *The People ex rel. Stine* v. *The Supervisors of Vermilion County,* 47 Ill. 256.

It was there held, for reasons given, that the board of supervisors could not be compelled to levy a tax to build the bridge in question.

˙ It appears, that at one of their sessions, the board had agreed to levy the tax, and on the next day it was reconsidered, and the resolution to that end laid on the table before it was entered of record.

The clerk of the board, disregarding this action of the board, extended this tax upon the collector's book, of the township of Danville.

The property of the plaintiff was levied on by the collector, or threatened to be, when he paid the amount to the collector under protest. The collector paid it to the treasurer, appellant here, who now holds the money, and this suit was brought to recover it back.

The only important question raised is, as to the power of the board of supervisors to reconsider the resolution to levy the tax for this bridge. The resolution was reconsidered and tabled before it had become a record of the board, and before any rights had accrued under it, or duties imposed by it.

The clerk had no right, of his own mere motion, to extend the tax upon the collector's book, and thus coerce the property owners to pay a tax for which they were not legally liable.

The judgment of the court below is affirmed.

*Judgment affirmed.*