STATE OF MISSOURI, TO USE OF PULLMAN PALACE CAR COMPANY, Appellant, *v*. ST. LOUIS COUNTY COURT, Respondent.

November 28, 1882.

1. TAXES — CONSTRUCTION OF STATUTES. — Statutes for the collection of revenue must be strictly construed.

2. —— RAILROADS. — Cars belonging to a foreign corporation and leased to and operated by railroads in this state, are taxable as the property of the former in the county in which is its chief place of business in this state.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

HITCHCOCK, LUBKE & PLAYER, for the appellant.

LEVERETT BELL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The only question which arises upon this record is, whether, under the act of March 10, 1871, relating to the taxation of railroad property, the cars of the Pullman Palace Car Company which were leased by such company to certain railroads in this state, and operated by such railroads as a part of their rolling stock, were taxable as the property of such railroads; or whether, under the general revenue law then in force, such property might lawfully be assessed for taxation by the assessor of St. Louis County, in which county the Pullman Palace Car Company had its chief office for the state of Missouri, as the personal property of such corporation. Section 1 of the above-named statute provides that all railroads in this state, " and all other property, real, personal, or mixed, *owned* by any railroad company, or corporation in this state," shall be assessed and taxed as specified in this act. It is obvious that the question turns upon the interpretation of the word " owned " as here used. A tax is an impost, or duty levied upon the owners of property, *in invitum*, for the support

of the government. It can only be levied and assessed in the strict mode provided by the statute authorizing its levy and assessment. It is not even a *debt* in the sense that it can be collected in an ordinary suit at law, unless the statute specifically provides for that mode of collection. *Carondelet* v. *Picot*, 38 Mo. 125. In order to justify the taking of any step against the owner of property for the collection of a tax, the officer of the state assuming so to act must put his finger upon some statute authorizing him in terms to take such step. There is no such thing as an equitable or liberal construction of a statute creating a tax, or providing for its assessment or collection. On the contrary, the uniform doctrine of the courts is that such statutes are strictly construed against the government, and that they are to be strictly pursued by the officers of the government who act under them. These are familiar rules, which require no citation of authorities to support them.

Tested by these principles, it seems clear that the word "owned" in the statute under consideration cannot be so construed as to mean "leased" or "hired." This seems to have been the understanding of the officers of the state to whom was committed the assessment of railroad property for taxation; for, at a subsequent session, the legislature passed an act changing the law relating to the taxation of the property of railroad companies, so as to require such companies to return for taxation "all Pullman palace cars owned, run, hired, or leased by them." Act of March 24, 1873; Laws 1873, p. 63. And this is still the law (Rev. Stats., sect. 6866) ; though such taxes are now recoverable by the railroad companies from the owners of the cars, if no contract provision intervenes to defeat the right of action. *Ibid.*, sect. 6899.

We are referred to a decision of the circuit court of the United States for the eastern district of Missouri, rendered in 1875, in the case of the *Pullman Palace Car Company*

v. *Hoffman*, in which the opinion, delivered by Mr. Justice Miller, is supposed to uphold the contrary view of the question we are considering. This decision is not at all in point,'for the assessment was made under the act of March 24, 1873, and not, as here, under the act of March 10, 1871.

We are also referred to the decision of the supreme court of Illinois, in the case of *Kennedy* v. *the St. Louis, etc., Railroad Company* (62 Ill. 395). If that case were directly in point upon the question before us, we should not be able to follow·it, for the reasons already stated, on which we base our interpretation of the statute, notwithstanding the high respect we entertain for the decisions of that court. But it is not directly in point. The statute there under consideration required railroad companies to return for taxation all property " belonging to " such companies. It is true that the words " belonging to " are used in common speech in the sense of " owned by ; " but this is by no means their universal signification. They are also much used in the sense of the words " attached to " or " connected with." They are capable of being construed in a wider sense than the words " owned by," and they might, hence, without doing violence to their meaning, be construed in the connection named, as embracing any property used by a railroad company in the operation of its road, under the general dominion and control of such company, whatever might be the nature of the company's title.

We are of opinion that the circuit court committed no error in holding that the cars in question were taxable in St. Louis County, under the general revenue law.

The judgment is therefore affirmed. All the judges concur.