OCTOBER TERM, 1883. 285

The City of Kansas v. Hannibal & St. Joseph Railroad Company.

THE CITY OF KANSAS v. THE HANNIBAL & ST. JOSEPH RAIL-
ROAD COMPANY, *Appellant.*

1. **City Taxes**: RAILROADS: STATUTE: PARTY. Under the act of the
general assembly of March 15th, 1875, section 7, (Acts, p. 124,) a
city is authorized to sue in its own name for city taxes assessed
against railroads.

2. ———: ———: COUNTY CLERK'S CERTIFICATE: EVIDENCE. *Semble,*
that the certificates of the clerk of the county court, made in con-
formity to the provisions of said act, as to the amount of taxes due
from a railroad, is *prima facie* evidence of the latter's liability.

3. ———: ———: ———: PRACTICE. It is not necessary to plead, or
to file with the petition, said certificates of the county clerk, they
being only evidence of the assessment and levy of the taxes, and
not the foundation of the suit.

4. ———: COMPROMISE OF: COUNTY COURT NO AUTHORITY TO. A county
court has no authority to compromise city taxes, and where a city
is forbidden by its charter to so compromise, it cannot ratify an un-
authorized compromise made by the county court.

5. **Property Escaping Taxation**: LIABILITY TO IN HANDS OF SUBSE-
QUENT PURCHASER. Property subject to and which has escaped tax-
ation through the mistake or inadvertence of the officers whose
duty it was to assess, levy and collect the same, is liable to taxation
in the hands of a subsequent purchaser for the years it has so es-
caped.

6. **Taxation of Railroads for City Purposes**: COUNTY CLERK'S
CERTIFICATE: STATUTE. The act of the general assembly of March
24th, 1873, (Acts, p. 119,) relating to taxation of railroads, does not
authorize the clerk of the county court to certify the amount due
from railroads for city taxes from the certificate of the rate of
taxation levied by the city, received by him from the city clerk.
The county clerk can make such certificate only from an order of
the county court, spread upon its records; otherwise the collection
of the tax cannot be enforced.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON,
Judge.

REVERSED.

*Geo. W. Easley* for appellant.

For the years 1868 and 1869, the property belonged to the Kansas City & Cameron Railroad Company; its stock was personal property, (Sess. Acts 1857, p. 162, § 21,) and the stock alone was subject to assessment. R. S. 1855, p. 1331, §§ 30, 31, 32; Gen. St. 1865, p. 103, §§ 27, 28, 29. As against this defendant who acquired the property in February, 1870, the property could not be assessed in 1874 for the taxes of 1868 and 1869. *State v. St. Louis, Kansas City & Northern R'y Co.*, 77 Mo. 202. And the reason assigned for dissenting in the last named case, by Justice NORTON, does not exist here. The property was acquired by defendant in 1870, before any change was made in the law substituting an assessment on the property, for an assessment on the capital stock. It appearing affirmatively, that the county clerk made the levies sued upon on his own motion, and on a certificate from the city clerk, without any certificate from the city council certifying the rate per cent levied at the same time on all other property for municipal purposes, and without any order made by the county court ascertaining and levying the taxes, the levy was void. Sess. Acts 1873, p. 65, § 13. The act provides that the rate shall be certified by the city council, not by the city clerk, and that the tax shall be ascertained and levied by the county court, not by the clerk. The county court is a court of record, (Gen. St. 1879, p. 190, § 1023,) and its proceedings can only be known by its record, so that if the duty to "ascertain and levy" the tax is put upon that court by law, it could only be done by an order entered of record. Cooley on Tax., pp. 184, 209; Blackwell on Tax Titles, (2 Ed.) p. 155; 2 Dillon Corp., (2 Ed.) § 610; *Westfall v. Preston*, 49 N. Y. 353; *Moser v. White*, 29 Mich. 59; *Beckwith v. English*, 51 Ill. 147; *National B'k v. Cook*, 77 Ill. 622. But the certificate read in evidence from the city clerk as to the rate of taxation for the year 1875, if he had the power to make it, did not authorize any levy. There should have

been a certificate of the rate levied for each of the several years. *State ex rel., etc., Pettis Co. v. Union Trust Co.*, 68 Mo. 463; *Lebanon v. Railroad Co.*, 77 Ill. 539. There was no pretence of but one certificate, and that from the clerk. The certificate of the clerk as to the levies made by the various corporations for the various years, are not evidence of the facts therein stated. "At common law the certificate of a public officer, no matter how high and solemn his office, is inadmissible to prove any disputed fact." Wharton on Ev., § 120; 1 Greenleaf's Ev., § 498. There being no statute requiring him to certify to the rates levied by municipalities, and no statute making his certificate evidence, the appellant's objections to its introduction should have been sustained. The only thing he was required to certify was " immediately after the county court shall have ascertained and levied the taxes," to furnish the railroad company and collector with a statement of the taxes levied. Acts 1873, p. 67, § 21. He could not make evidence by doing an unauthorized act. Until the county court had made the levy he could do nothing. The taxes sued for, together with the taxes on all the other railroads of the State, were in litigation at the time of the compromise. *Moore v. Holliday*, 4 Dill. 52. And the county of Jackson and the respondent were not made parties in the last named case, because of the compromise or the willingness of the county court to make it. The compromise fixed the taxes of 1873 at the rate the county courts had fixed them, and as was determined by the United States court to be the proper basis. *Paul v. Railroad Co.*, 4 Dill. 35. In view of this litigation and the acceptance of the money by the city, and its use, it ought not to be permitted at this late day to question the authority of the county court to make the compromise, and unsettle the whole results of the litigation in the federal courts. *Iron M. R. R. Co. v. Anthony*, 73 Mo. 431

*D. S. Twitchell* with *Gage, Ladd & Small* for respondent.

The objection to reading the tax bills or certificates in evidence, is not well taken. The law did not require them to be filed, nor was it necessary to plead them, as they were mere evidence. The demurrer to the evidence was properly overruled, because the proceedings of the State Board of Equalization and certificates of the State Auditor, introduced in evidence, showed the assessment and apportionment as alleged. The tax certificates were *prima facie* evidence of the validity of the taxes claimed. *Ketchum v. Railroad Co.*, 4 Dill. 43. Defendant's instruction number two, was properly refused; no order of record or any order at all by the county court levying the taxes being necessary under section 13, Railroad Tax Act of 1873, (Acts 1872, p. 65). *Robbins v. Barron*, 33 Mich. 125; *Railroad Co. v. Company*, 59 Mo. 223. Defendant's instruction number seven, as to the alleged settlement with the county court was properly refused. *Madison Co. v. Smith*, 95 Ill. 328. Defendant's instruction which raised the question of the validity of the taxes for 1868, 1869 and 1870, was also rightly refused. Acts 1852, p. 244; *State v. R. R. Co.*, 77 Mo. 202; Acts 1868, pp. 209, 210; *State v. City Council*, 10 Rich. (Law) 240; Burroughs on Tax., pp. 164, 165, 385; *Dunlieth v. Dubuque*, 32 Ia. 427; *Davenport v. Railroad Co.*, 16 Ia. 348; *Tappan v. Bank*, 19 Wall. 490; *Curtis v. Ward*, 58 Mo. 295; *State v. Auditor*, 46 Mich. 224; *Railroad Co. v. Weber*, 96 Ill. 443; Gen. St. 1865, p. 121, § 76; Acts 1868, p. 142, § 2; *City of St. Joseph v. Railroad Co.*, 39 Mo. 476; *City of Lexington v. Aull*, 30 Mo. 480; *Knowlton v. Supervisors*, 9 Wis. 410; *Life Asso'n v. Assessors*, 48 Mo. 518; *Railroad Co. v. Alexander*, 17 Gratt. 184; Cooley on Tax., pp. 232, 233; Cooley on Const. Lim., (4 Ed.) pp, 254, 255; Blackwell on Tax Titles, (4 Ed.) p. 184; *Fairfield v. People*, 94 Ill. 244. The fact that there is no law authorizing re-assessment of taxes until after the property has changed hands,

does not alter the case. Purchasers have notice of the power of the legislature to pass the laws. *Tallman v. Janesville*, 17 Wis. 71; *Cross v. Milwaukee*, 19 Wis. 535; *Fairfield v. People, supra.*

HENRY, J.—This is an action to recover taxes alleged to have been levied in favor of the City of Kansas, for the years 1868, 1869, 1870, 1871 and 1873, under the act of 1873, (acts p. 63). The city had a judgment for $10,931.24, from which an appeal was duly prosecuted to this court. Numerous errors are assigned which we shall notice as briefly as possible.

First, it is claimed that the city cannot maintain this action, even if entitled to the taxes, but that the suit must be prosecuted by the county in the name of the State. Although the act of 1875 provides that the county court "may at their pleasure," include city taxes in a suit for State and county taxes, yet by the act of 1875, the city was also empowered to sue for city taxes. Section 17, p. 124 Session Acts 1875.

Objections were also made to the introduction in evidence of certificates of the clerk of the county court of Jackson county, stating the amount of the taxes due from the Cameron and Kansas City branch of the H. & St. Joe R. R. Co., for the years above named, issued to the collector of the county named.

The act of 1875, section 16, required the certificates to be made by the clerk, under the seal of the court, and the several certificates were in conformity with the requirements of the act, and authorized the collector to seize and sell the property of the defendant, and we are inclined to the opinion, but do not decide that they are *prima facie* evidence of the defendant's liability. *Ketchum v. R. R.*, 4 Dillon, pp. 43, 50.

Nor was it necessary to file with the petition or plead these certificates. They were but evidence of the assessments and levies, and the principle of pleading is too familiar

to require the citation of authorities in its support, that it is improper to plead the evidence upon which a party relies. The law requires the filing with the petition of such papers only, as are the foundation of the suit. The certificates did not constitute the levy of the tax. The issuance of the certificate is not a step essential to the imposition of the tax; it can be issued legally only after all necessary steps have been taken to impose the tax upon the property. The certificate is of facts which have already occurred, and, therefore, whether made in 1874 or 1875, it was of the assessment and levy of taxes in 1874, for the years named in the petition. This disposes of defendant's objection, that there was a variance between the pleading and the proofs, the action being for taxes levied in 1874, and the certificate bearing date 1875.

Nor was the objection well taken that the certificate of the rate per cent levied by the City of Kansas on all other property, which the act of 1874 required the city council to deliver to the clerk of the county court, was made by the *clerk* of the *council*, and not by the *council*. What other mode of certifying its acts and doings is provided by law? They are entered in books kept for the purpose of preserving and authenticating them. The clerk is custodian of those records, and the certificate, if truly made, is of a transaction recorded in those books, and his certificate is within the sense of the law, the certificate of the board.

Nor did the court err in the exclusion of the evidence of a compromise effected by the defendant with the county court, by which a less sum than that demanded by the city was accepted in full of that demanded. The county court had no authority to compromise the city taxes. The case of the *St. L., I. M. & S. R'y Co., v. Anthony*, 73 Mo. 431, is not an authority in support of defendant's position. That was a suit for county taxes. The city council of Kansas City is forbidden to compromise city taxes by the charter of the city, (Act of 1875, § 9, p. 209) and, therefore, could not ratify a compromise made by the county court. The

most important question in the case is, whether for the taxes of 1868 and 1869 the defendant's property in question is liable. Prior to the year 1870, the property belonged to the Cameron and Kansas City R. R. Co., from which it was acquired by the defendant in 1870. Defendant's counsel relies upon the case of the *State v. St. L., K. C. & N. R. R. Co.*, 77 Mo. 202, as an authority in support of the proposition that the property is not bound, in defendant's hands, for said taxes. That was a suit for county taxes; the county, it was held, had no authority to tax any property not subjected to taxation for State purposes. The property of the railroad company for which, in that case, it was sought to hold defendant liable for taxes for years prior to its acquisition by defendant, and against which no tax had been levied or collected for these years by the State which taxed the shares of the capital stock, instead of the property of the company, was held exempt from county taxation. There was no provision of law for a separate assessment of property for county taxation, or for taxation by the county of any property not subjected to taxation for State purposes. The counties are geographical subdivisions of the State, with no legislative functions, while the city is a municipal government, with authority to legislate for itself, and to provide its own machinery for assessing, levying and collecting city taxes.

By her original charter, granted in 1852, the city of Kansas was empowered to tax all real and personal property within its limits. The same authority was given by its charter of 1867, and by an amendment of the charter in 1868, the common council was empowered for each fiscal year " to levy and cause to be collected, a tax on all real and personal property, taxable by law for State purposes, and not exempt by general law from municipal taxation." There was no general law exempting the property in question from municipal taxation, and its exemption, if maintained, must be inferred from the fact that the State for the years 1868 and 1869 imposed a tax for State purposes on the

shares of the capital stock of the Cameron & Kansas City Railroad Co., in lieu of a tax on the general property of the company represented by its road-bed, rolling stock, depots, etc. That was not an exemption of their property from municipal, but only from state and county, taxation. It was one of three modes by which the property of the company might have been taxed by the State. *State v. St. L., K. C. & N. R. R. Co., supra.* We are, therefore, of the opinion that the city charter authorizes the city to levy the taxes in question for the years 1868 and 1869. These views are fully sustained by the *State v. City Council,* 10 Rich. (Law) 240; *Dunlieth Bridge Co. v. Dubuque,* 32 Ia. 427; Burroughs on Tax., § 131, p. 397. That property subject to, but which has escaped taxation, is, in the hands of a subsequent purchaser, subject to taxation for the years in which it escaped, through the inadvertence of any of the officers who had duties to perform with regard to assessing, levying or collecting the taxes, is intimated very clearly in the *State v. St. L., K. C. & N. R. R. Co., supra,* and expressly held in *Fairfield v. The People,* 94 Ill. 244; *Tallman v. Janesville,* 17 Wis. 71; *Cross v. Milwaukee,* 19 Wis. 509; Cooley on Tax., p. 232; Cooley on Const. Lim., 254.

We come now to an objection to the proceedings which is insuperable. By section 13 of the act of 1873, (Sess. acts, p. 65) it was made the duty of each city council to certify to the clerk of the county court the rate per cent levied by such city on all other property for municipal purposes, and of the county court, immediately thereafter, to ascertain and levy the taxes for county, municipal, township, city or incorporated town and school purposes, and of the clerk to certify to the railroad company the amount of taxes so levied. The plaintiff relied upon the certificates made by the clerk; and conceding that they were admissible, and made a *prima facie* case for the city, the clerk who issued them was introduced, and testified without objection that the county court made no order for a special levy of

taxes upon the railroad, or other property of defendant, in the year 1874, or since, and that he made the certificates for 1868, 1869, 1870, 1871 and 1873, so far as the city taxes were concerned, from the certificates furnished by the city clerk, of the city of Kansas, as to the rate of taxation.

Where did he get authority for that proceeding? It is contended by respondent that this was but a ministerial act, a mere extension of city taxes on the property of the railroad company, and therefore, properly done by the court's ministerial officer. The city of Kansas could not levy the tax upon this property, but even for her municipal purposes the power to levy the tax was conferred upon the county court exclusively. Section 13 does not speak of the extension, but of the levy of taxes, and clearly requires it to be made by the county courts, which, in that matter, act as a court of record, and what it does in that regard, must appear of record. The clerk is not the county court, and when the county court is required, as a judicial tribunal to do an act, the record must show that it was done by the court, and the clerk, neither in term, nor in vacation of court can perform it. "The tax, of course, must be levied by the tribunal or person to whom the power is delegated." Blackwell on Tax Titles, (2 Ed.) p. 255 ; Dillon's Municipal Corporations, (2 Ed.) 610. "The power to tax is a high governmental power * * and when the legislature grants that high power to another tribunal, it can only be exercised in strict conformity to the terms in which the power is granted, and a departure in any material part will be fatal to the attempt to exercise it." *Campbell County Ct. v. Taylor*, 8 Bush. 206, 208; *Westfall v. Preston*, 49 N. Y. 353; *Beckwith v. English*, 51 Ill. 147. In this case there was no levy of the tax whatever. The clerk certified he amount of taxes due, but it clearly appears, is conceded, that the county court made no levy of the taxes in question. The certificates are not based upon a levy, but were made from the certificate furnished the county court by the city clerk. This is the testimony of the clerk of the county

court of Jackson county.  This is not a mere technical objection to the proceedings, but is substantial.  The requirement not only that a levy of the taxes shall be made, but that it shall be made by the very person or tribunal to whom the power is confided by law is essential and vital, and no claim for taxes which have not been so levied can be maintained.

Assessment for taxation is one step, but levying the tax is another and different step.  The act of the city council, in fixing the rate of taxation on other property, was not a levy of the tax upon the property in question. Something remained to be done.  The certificate, stating that rate furnished by the council to the county court was not a levy, neither was the certificate of the clerk to the company and county collector a levy.  The levy is made by an order in writing by the person, or tribunal, authorized to make it, imposing the tax upon the property which has been regularly assessed as taxable property.  The act of the assessor in listing and valuing the property with his return of the same to the tribunal empowered to levy the tax, does not constitute a levy of taxes.  The formal act of imposing the taxes upon the property, is an essential and indispensable step in the imposition of the burden upon the property.

The judgment is reversed and, inasmuch as, when the suit was instituted, plaintiff had no cause of action, it will not be remanded.  All concur, Norton, J., concurring in the result.

*On Rehearing.*

Henry, J.—Counsel for respondent, in their original brief, strangely failed to call attention to section 11, of the act of 1873, and from their well known ability and industry, assuming that every section of the revenue law bearing upon the question involved in this controversy, would be brought to our attention by them, we considered only such as were cited and relied upon.  Section 11 is as follows:

The State Auditor shall, in like manner, certify the action of said board had under the provisions of this act, to the clerks of the county courts of the proper counties, the secretaries or clerks of cities or incorporated towns, and to the secretaries of the several railroad companies, and thereupon the several county clerks, city councils or board of trustees of incorporated towns, shall levy for all county, municipal township, city or incorporated town purposes, on such proportionate value as certified by the State Auditor, such taxes as may be authorized by law, at the same time and at the same rate as may be levied on other property.

Section 13 provides that: It shall be the duty of each city council, or board of trustees of incorporated towns, to certify to the county clerk the rate per cent levied by such city or incorporated town, as is levied at the same time on all other property for municipal purposes, and the county court shall immediately ascertain and levy the taxes for county, municipal township, city, or incorporated town and school purposes, as provided in this act; and the clerk of the county court shall certify, under the seal of said court, to the secretary of the proper railroad company, the amount of taxes so levied for county, municipal township, city or incorporated town purposes, and also the amount of taxes so levied for school purposes, specifying separately the amount and rate of county, municipal township, city or incorporated town tax, and the amount and rate of school tax, such certificate to be made by the clerk of the county court to the secretary of such railroad company, on or before the first Monday in August, of each and every year.

Respondent contends that section 11 clearly vests in the city the authority to levy its own taxes. Whether what the city and the county court are severally required to do in the matter of sections 11 and 13, are equally essential to a complete levy of city taxes, we shall not stop to enquire, but, for the argument, conceding respondent's counsel's position on the subject, it cannot change the re-

sult, and lead to an affirmance of the judgment. If section 11 authorizes the city to levy its taxes, section 13 makes it the duty of the county court in the manner therein pointed out, to ascertain the amount so levied, and of the clerk of that court to certify it to the collector, etc.

The ascertainment of the amount by the county court, is a judicial act. "It can only speak by its record." *Maupin v. Franklin Co.*, 67 Mo. 329, and cases cited. The clerk is not authorized to certify the amount from the certificate of the rate of taxation levied by the city, which, under section 13, he receives from the city clerk, or from any other record or document, except an order of the county court spread upon its records.

The city taxes upon railroad property are collected by the county collector, and the clerk's certificate duly made, is the process which authorizes the collector to collect those taxes. But a fatal infirmity in the plaintiff's case, on its own theory, is the total absence of any evidence that the city authorities ever levied any taxes for any of the years of the alleged delinquency, except 1875. A copy of a city ordinance passed by plaintiff's common council, levying taxes for the year 1875, together with the certificate of the city clerk, was introduced in evidence, but at the close of plaintiff's evidence its counsel stated, that that certificate was not the one upon which the county clerk's certificate was based, and that it was introduced by mistake. The county clerk, also, testified, that it was not the one upon which he acted. There was no order of the county court upon which the clerk's certificate was based, and, without objection, the county clerk testified that the county court never made any order of record, or otherwise, in the matter, and that, while his certificate was not based upon the certificate of the city clerk, offered in evidence by mistake, he must have made his certificate from another certificate of the city clerk. He is not certain that there was another. He but guesses that there was. There is no record, or any kind of evidence of any other, and stripped naked, here is

a claim for thousands of dollars for taxes, based exclusively upon the certificate of the county clerk, not of record of his court, not of any record made by the city council, but of a mere conclusion of his own that defendant owes the city the amount sued for. A suit for taxes based upon so frail a foundation, cannot be maintained, and we adhere to the conclusions announced in the original opinion.

Judgment reversed, and a majority of the court think that the cause should be remanded, and such will be the judgment. NORTON, J., concurs in the result.