THE STATE *ex rel.* THE PULLMAN PALACE CAR COMPANY, *Appellant,* v. ST. LOUIS COUNTY.

**Taxation of Railroad Property : STATUTE.** A railroad company in this state cannot be taxed under the act of 1871 (Laws 1871, p. 56), upon the cars of the Pullman Palace Car Company, leased and operated by it.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Hitchcock, Madill & Finkelnburg* for appellant.

This proceeding, first in the county court, and then by *certiorari* in the circuit court, was the proper remedy in such case. *State ex rel. Lee's Administrator v. St. Louis County Court,* 47 Mo. 599. (2) These cars were part of the rolling stock of the railroads in question, and were assessable only under the provisions of the act of March 10, 1871 (Laws, p. 56). Said act was intended to provide a mode for taxing every kind of railroad property throughout this state, which should be not only uniform, but exclusive of all other modes of taxing such property by any state or municipal officer other than those authorized in said act. *State v. Severance,* 55 Mo. 378 ; *Livingston County v. Hannibal & St. Jo. Railroad,* 60 Mo. 520 ; *Pacific Railroad v. Watson,* 61 Mo. 61. This act was intended to apply to every description of property belonging to or used by railroad companies in operating their roads. *State v. Severance,* 55 Mo. 388 ; *Pacific Railroad v. Watson,* 61 Mo. 61. The word *owned* means such ownership, whether absolute or for a term of years, as makes the property in question part of the "machinery by which the railroad is operated." *State v. Severance, supra.* (3) Under a similar statute in Illinois, it was held that Pullman cars leased to the railroad under leases identical with those in this case, were tax-

OCTOBER TERM, 1884.     235

The State ex rel. The Pullman Palace Car Co. v. St. Louis Co.   235

able to the railroad company and not to the Pullman company. *Kennedy v. Railroad Co.*, 62 Ill. 395. (4) The act of March 24, 1873, (Laws 1873, p. 63), leads to precisely the opposite conclusion from that reached by the St. Louis court of appeals in this case.

*Leverett Bell* for respondent.

HENRY, C. J.—"The only question which arises upon this record is whether, under the act of March 10, 1871, relating to the taxation of railroad property, the cars of the Pullman Palace Car Company, which were leased by such company to certain railroads in this state, and operated by such railroads as a part of their rolling stock, were taxable as the property of such railroads ; or, whether, under the general revenue law, then in force, such property might lawfully be assessed for taxation by the assessor of St. Louis county, in which the Pullman Palace Car Company had its chief office for the state of Missouri, as personal property." The above is the statement made by the court of appeals of the question arising upon this record, and we accept it as a correct statement. That court held that the cars of the Pullman Palace Car Company did not *belong* to the railroad companies, which had leased them and were, therefore, not taxable, under the act of March 10, 1871, as the property of such railroad.

Section one of that act provides, that all railroads in this state, "and all other property, real, personal, or mixed, owned by any railroad company, or corporation in this state," shall be assessed and taxed in the mode prescribed by that act, and that mode is different from that prescribed for assessing and taxing other railroad property. The solution of the question depends upon the meaning of the word "owned," as employed in that section. Section 6662, Revised Statutes, 1879, article 1 of the general revenue law, provides that : "All personal property of whatsoever nature and character, situate in a county other than the one in which the owner resides,

shall be assessed in the county where the owner resides, and the owner, in listing it, shall specifically state in what county it is situated." And section six of the gen-eral revenue law, Wagner's Statutes, page 1159, reads as follows: "All property, personal by the laws of this state, situate in a county other than the one in which the owner resides, shall be assessed in the county where such owner resides." The same was substantially the provision contained in the Revised Statutes of 1855, section 20, page 1329; and the oath required of the tax-payer to his list, was the same in all the revisions, viz.: that it contained a true list of all the personal property owned by him, made taxable by law."

It would not be seriously contended, that, under those provisions of the law, one who had hired a yoke of oxen, or a horse belonging to a neighbor, would be re-quired to include such property in his taxable list. In such case, the owner of the property, in the strict sense of the term, would have been required to include it in his list. Is the word "owned" to bear a different meaning, because it occurs in an act relating to the tax-ation of railroad property. If so, why? A very plaus-ible and forcible argument is made in the brief of counsel for appellant, based upon the supposed case of a railroad company owning no cars, but equipping its road by hiring cars from other companies. The diffi-culty which would be encountered in the attempt to levy and collect taxes in the supposed case, giving the statute the strict construction placed upon it by the court of appeals, would, it is contended, practically defeat the purpose for which the act was passed. This might have been so, under the act of March 10, 1871, and this diffi-culty might still be encountered, with respect to other cars than Pullman Palace cars, but, by the act of March 24, 1873, all railroad companies are required to return for taxation, "all Pullman Palace cars owned, run, hired or leased by them." With regard to freight and passenger cars, other than Pullman, I do not see how

they can, under either the act of 1871, or that of 1873, be taxed as the property of a railroad company, hiring or renting them. The passage of the act of 1873, so far from supporting the construction of the act of 1871, contended for by appellant's counsel, seems to me to sustain that given it by the court of appeals. If the proper construction is that contended for by counsel, there was no necessity for the passage of the act of 1873. It is not a legislative construction of the former act, but one on the same subject with a wider scope.

All concurring, the judgment is affirmed.