THE RICH HILL COAL MINING COMPANY, Defendant in
Error, v. A. NEPTUNE ET AL., Plaintiffs in Error.

Kansas City Court of Appeals, November 23, 1885.

1. TAXATION—ASSESSMENT—APPEAL FROM.—In this state, the assessment of property is made by the assessor, by calling on the taxpayer and obtaining from him a list of his taxable property and its value. When the list is received by the assessor, the value given to the property by him (the assessor) is its assessed value. Section 6685, Revised Statutes. The taxpayer has a right so to consider it, for it is provided by section 6719, of the statute, that "every person who thinks himself aggrieved by the assessment of his property, may appeal," etc. It is the assessment made under section 6685 that a party may appeal from, if aggrieved. Unless he appeals, he has a right to rely on that amount remaining at *that value* until he is *notified* of a contemplated change by some tribunal authorized to make it; as by a board of equalization, provided for by sections 6671-6674, of the statute. Notice to taxpayer is required when the valuation of real estate is raised, but none is *provided* for as to personalty. Nevertheless, the taxpayer is entitled that the assessor's valuation will remain, unless he appeals, or is notified to the contrary. See sections 6673 and 6685, Revised Statutes; Cooley on Taxation, 268.

2. ——— POWER TO RAISE ASSESSMENTS—NOTICE A PRE-REQUISITE.—In order to the exercise of the power to raise the assessment, "notice of proceedings, in such cases, and an opportunity for a hearing of some description, are matters of constitutional right. It has been customary to provide for them as a part of what is 'due process of law' for these cases. * * * It is contrary to the first principles of justice that one should be condemned unheard, * * * and it would be a dangerous precedent to hold that any absolute power resides in taxing officers to tax as they may choose, without giving any notice to the owner." Cooley on Taxation, 266. In the process of taxation, the taxpayer, when it begins to affect him individually, has a right to take part and be heard, and any attempts to levy the burden in disregard of these principles are inoperative, and it has been so held where there was no statute requiring notice. *R. R. Co. v. Washington County*, 3 Nebraska 30; *George v. Middoux*, 62 Mo. 549. The notice may be given after the assessment, and need not be personal, but is often by a general law. But this would only apply to cases of appeal by taxpayer, but not the case of raising the assessment made by the assessor and not appealed from.

APPEAL from Bates Circuit Court, HON. JAMES B. GANTT, Judge.

*Affirmed.*

Statement of case by the court.

This is a proceeding by *certiorari*, issued by the circuit court of Bates county to the defendants as a board of equalization of said county, to set aside and cancel the action of said board in raising the assessed value of plaintiff's personal property for the year 1882, on the ground that the board had no jurisdiction, for the want of notice to plaintiff. This case has been transferred to this court by the supreme court of the state.

By defendant's return to the writ, it appears that the board met at the office of the county clerk on the first Monday of April, 1883, as required by the statute, and adjourned till the fourth, when they entered of record the following order, to-wit:

"Ordered that the personal assessment of the Rich Hill Coal Mining Company be increased from $1,500 to $6,500, in Osage township; and from $3,500 to $12,200 in New Home township."

It further appears from the return, that on the tenth day of May, 1883, before the taxes on said assessment had been extended or *paid*, the plaintiff, by its attorney, appeared before the county court, then in session, and, by motion and affidavit, alleged an erroneous assessment of plaintiff's machinery, as provided by Revised Statutes, section 6726, and asking the same to be stricken from the books, which application and motion was overruled by the court, and plaintiff took no further action in the same in the county court, but on the fifth of the next June applied to the circuit court, then in session, and obtained the writ of *certiorari*, which was returned on the eighth by defendants, and tried and decided on the nineteenth, solely on the pleadings and return; no evidence was otherwise heard.

F. P. Wright and T. J. Galloway, for the plaintiffs in error.

I. After the board of equalization had met, on the first Monday of April, and adjourned till the fourth, and then raised the valuation and assessment of plaintiff's personal property, it took no further action, and the statute does not require any notice before raising the valuation and assessment, except in case of *real estate*. Section 6673, Revised Statutes.

II. The county court, under section 6726, has the right to hear and determine erroneous assessments, and its action in refusing and overruling plaintiff's application and motion for that purpose, was final. Plaintiff might have appealed, and having failed to appeal, it is not entitled to a writ of *certiorari*. *Peak v. Leonard*, 8 Nev. 84; *Witkowski v. Shakowski*, 46 Ga. 41.

III. The order and judgment of the court that the county court extend the taxes according to the valuation given by plaintiff's auditor, was made without authority of law, the county court not having been made a party to the proceeding.

IV. The court erred in enjoining the board from collecting taxes on the increased valuation, this being a proceeding by *certiorari*, only, and not by injunction.

V. The court erred in usurping the office of the assessor, in ordering the assessment to be made according to plaintiff's assessment by its auditor.

DeArmond & Smith, for defendant in error.

I. If the defendant, as a board of equalization, attempted to assess other personal property than that listed by plaintiff, their action in that was void. *Pacific R. R. Co. v. Cass Co.*, 53 Mo. 17.

II. The statute does not in terms require that a board of equalization shall give notice of an intended raise in the valuation of a personal assessment, or that such raise had been made ; but the same reasons that requires notice of raising value of *real estate*, demand

notice in the case of *personal property*.     To do other-
wise would in effect deprive a citizen of his property
without a hearing.     This cannot be done in this manner.
Cooley on Taxation (1 Ed.) 265 ; *Ibid*, 547 ; *Darling v.
Gunn*, 50 Ill. 424.

III.     There is nothing in the point that under section
6726 an appeal would lie from the finding of the county
court, and hence *certiorari* could not be invoked.     No
mention is made in this section of personal property, or
the correction of its assessment.     *Certiorari* is the proper
remedy in this kind of case.     Cooley on Taxation, 530 to
585, ch. 24 ; *State v. Dowling*, 50 Mo. 134 ; *Hann. & St.
Jo. R. R. v. State Board of Equalization*, 64 Mo. 294.

IV.     If the judgment of the court to extend the
taxes was made without authority, this is no ground for
reversal of a judgment against the board of equalization,
and defendants cannot, as such board, complain of it.

V.     That part of the judgment enjoining the defend-
ants from collecting taxes is a harmless error, since the
board has nothing to do with extending or collecting any
tax.

Ellison, J.—In this state, the assessment of prop-
erty is made by the assessor by calling on the taxpayer
and obtaining from him a list of his taxable property
and its value.     Section 6685, Revised Statutes.     When
the list is received by the assessor, the value given to the
property by him at that time, is its assessed value.     The
taxpayer has a right to so consider it, for it is provided
by 6719, of the statute, that "every person who thinks
himself aggrieved by the assessment of his property
may appeal," etc.     It is the assessment made under sec-
tion 6685 that a party may appeal from, if he feels ag-
grieved.     If he does not feel aggrieved, he has a right to
rely upon that assessment remaining at that value until
he is notified of a contemplated change by some tribunal
authorized to make it.     By force of sections 6671, 6672,
6673, and 6674, a county board of equalization is consti-
tuted.     This board has power to hear appeals from assess-

ments made by the assessors, as is provided for in 6719.
This assessment, so made by the assessor, is a judicial
act; (*St. Louis Mutual Life Insurance Company v.
Charles,* 47 Mo. 462), and upon appeal there is to be a
trial, and it is to be judicially determined. Section 6675.

It is true there is no notice to the taxpayer provided
for in section 6673, in case his assessment of personalty
is raised, though it is required in case the valuation of
real estate is raised. But we think, from the sections
cited, there can be no doubt that the taxpayer is entitled
to consider that the judicial ascertainment of the value
of his property by the assessor will remain as the assess-
ment unless he appeals, or is notified to the contrary.

"The courts have been particularly careful to see
that revisory tax tribunals did not change assessments to
the prejudice of taxpayers who, under the circumstances,
had no reason to look for, or anticipate any such change.
If the taxpayer himself does not appeal, he has the
right to suppose that the assessment against him will be
allowed to stand as made." Cooley on Taxation, 268.

This view of the matter is strengthened by reference
to section 6714 of the statute, where it is provided that
when an assessment of property is made in the absence
of the head of the family, a duplicate list of such assess-
ment shall be left with some member of the family over
fifteen years of age. This requirement is, doubtless,
that the taxpayer may know what assessment has been
made against him, that he may take steps to protect him-
self by appeal, if wronged. The statute itself, then,
does contemplate that a party shall have notice of his
assessment, in the first instance, so that he may seek his
remedy, if aggrieved by an overvaluation by the as-
sessor. There would seem to be no reason why he should
not likewise have notice of an overvaluation by the
board of equalization.

But aside from any consideration of the statute, no-
tice is an absolute pre-requisite to the right or power to
raise the assessment.

"We should say that notice of proceedings in such

cases, and an opportunity for a hearing of some description were matters of constitutional right. It has been customary to provide for them as a part of what is 'due process of law' for these cases; * * * it has often been very pointedly and emphatically declared that it is contrary to the first principles of justice that one should be condemned unheard, and it has also been justly observed of taxing officers, that it would be a dangerous precedent to hold that any absolute power resides in them to tax as they may choose, without giving any notice to the owner." Cooley on Taxation, 266.

In the process of taxation the taxpayer, when it begins to affect him individually, has a right to take part and be heard, and any attempts to levy the burden in disregard of these principles are inoperative. *Butler v. Supervisors,* 26 Mich. 22,

In the case of *Sioux Ry. Co. v. Washington County* (3 Neb. 3043), where a board of equalization had increased an assessment, there being no statute requiring a notice in this respect, at least none is mentioned or referred to, nevertheless, the court says: "Will it be supposed that the board can indefinitely increase the assessed valuation of the property of the taxpayer, at any time, without notice to him? Certainly it cannot; and however full and complete might be the jurisdiction of the board over the subject-matter, yet the party interested has, according to the plainest principles of justice, a clear right to a hearing and to a day in court, and any other view stands opposed to reason, justice and sound policy, and to all those general principles which, in all cases, allow a party to be heard before his rights of property can be affected by any tribunal. This is the universal law of the land, and must be strictly complied with in the issuance and service of summons, in order to enable the court to render a valid judgment. Surely, then, the doubling of the assessed valuation of a person's property does as vitally affect his rights and interests as the rendition of a judgment against him. Hence it is clear that the board can have no jurisdiction,

without notice to the person whose rights and interests are to be affected by its decision. This is the only safe rule ; any other might lead to great injustice."

This principle is fundamental. It is the law of the land, and cannot be dispensed with under our enlightened system. Not to defend and uphold it, invites the star chamber. The notice should be, as in other cases where no special time is specified, a reasonable time.

"Notice of some kind is the vital breath that animates judicial jurisdiction over the person. It is the primary element of the application of the judicatory power. It is the essence of a cause. Without it there cannot be parties, and without parties there may be the form of a sentence, but no judgment obligating the person."

Our supreme court has frequently held a notice necessary when not called for by the statute ; holding it to be a cardinal principle that whenever a party's rights are to be affected by a summary proceeding, that party should be notified, that he may protect himself. *George v. Middough*, 62 Mo. 549 ; *Laughlin v. Fairbanks*, 8 Mo. 367, 371.

In tax proceedings it is not essential that this notice shall be given before the assessment is made, but one may, and generally is, in such matters, given afterwards. The notice, too, need not be personal, but is often by a general law. And so it might be said that the respondent in this case had notice by force of the statutes providing for a board of equalization and prescribing its time of meeting, and authorizing such board to raise the value of personal property. These provisions are due notice to the taxpayer as to when and where his appeal, if he has taken any, may be heard, but it is not notice to him that his assessment, once fairly and legally made, or, I may say, adjudicated by the assessor, for he acts in a judicial capacity, is to be set aside and raised.

It is conceded by all that the board has the power, of course, to raise the valuation, but that power must be exercised in conformity with the fundamental law. That

part of the judgment in reference to the county court extending the taxes is not authorized by the proceedings and is, besides, unnecessary.   So the conclusion of the judgment as to the board of equalization standing enjoined is an awkward way of stating what was meant by the judgment, but it is sufficiently direct to be understood and effect the object sought by plaintiff without violating any right of defendant.

The judgment (with the exception of that part directing the county court) is affirmed.   All concur.