CHRISTOPHER NOLL, Respondent, v. JOHN B. MORGAN, Appellant.

Kansas City Court of Appeals, December 4, 1899.

1. **Taxes: ASSESSMENT: APPEAL: NOTICE: GLASGOW.** Where the taxpayer and assessor are content with the former's list and there is no appeal, the board of revision and appeals has under the charter and ordinances of the city of Glasgow no authority in any way to change such list —especially so without giving notice of its sitting.

2. ———: **CONSTRUCTION OF REVENUE LAWS.** Laws of assessment and collection of the revenue should be construed with reasonable strictness and when power is conferred upon a particular tribunal to perform a specified act such enactment is mandatory in its nature and must be strictly observed, and a departure will be fatal.

3. ———: **INVALID ASSESSMENT: LEVY: INJUNCTION: SOLVENCY.** Where the collector seizes the property of a taxpayer on his refusal to pay an invalid assessment and is threatening to sell the same, such collector will be restrained by injunction and his solvency or insolvency is immaterial.

Appeal from the Howard Circuit Court.—*Hon. J. A. Hockaday*, Judge.

AFFIRMED.

*E. W. Henry* for appellant.

(1)   Where injunction proceedings have been brought to prevent the sale of personal property by an officer for taxes,

the time of the sale of the property should be alleged in the petition, for the property may be sold or a delivery bond for- feitured before the petition is filed or a temporary injunction is served; and the petition should show on its face that such is not the case, and, to entitle the respondent to a final or per- petual injunction against appellant, the respondent must al- lege in his bill of complaint facts showing his right to the re- lief prayed for against appellant. He must show a clear right to a perpetual injunction. 10 Am. and Eng. Ency. of Law, [1 Ed.], p. 784, section 3. (2) The respondent seems to base his ground of relief on the alleged fact that the appellant ·is insolvent and can not answer in damages for his illegal action. The act of the general assembly of the state of Mis- souri, incorporating the city of Glasgow, approved February 27, 1845, was declared by section 35 thereof to be a public act, and the appellant, John B. Morgan, is not collector, as alleged, but is constable and *ex officio* collector of the city of Glasgow. Section 1, chapter 10, and section 4, chapter 25, of the Revised Ordinances of the city of Glasgow, 1892, now in force, and appellant is required by section 21 of said act of the general assembly of Missouri, and section 2373 of the Revised Statutes of Missouri 1889, and section 2, chapter 22, of said ordinances to give bond; hence the respondent in order to base his relief on the ground of insolvency, should have alleged in his peti- tion that the appellant is not required by law to give bond or that the sureties on his bond are insolvent. The respondent has an adequate remedy at law. State to use v. Shacklett, 37 Mo. 281; Bank v. Meredith, 44 Mo. 500; Warrensburg v. Miller, 77 Mo. 57. (3) In the early decisions of Sayre v. Tompkins, 23 Mo. 445, and Barron v. Davis, 46 Mo. 394, and Deane v. Todd, 22 Mo. 93, and McPike v. Pew, 48 Mo. 525, it was decided that the sale of personal property for taxes could not be enjoined, but the rule in this doctrine has been some- what relaxed and our courts now only restrain the sale of per- sonal property for taxes levied upon property not the subject

of taxation. Valle v. Zeigler, 84 Mo. 214, or when the tax is levied without authority. Railway v. Apperson, 97 Mo. 301-307, or if the tax exceeds the amount limited by the constitution. Arnold v. Hawkins, 95 Mo. 573. And the respondent's petition does not state facts sufficient for equitable relief because he does not allege that the tax levied was unconstitutional, or levied without authority, or that the respondent did not have the property that represented the amount of the assessment. 10 Am. and Eng. Ency. of Law, [1 Ed.] p. 857, sec. 26b.

*Shackelford* with *Caples* for respondent.

(1) From a careful reading of the petition it is clear that the tax which it was proposed to collect was attempted to be levied without any authority whatever. Railroad v. Apperson, 97 Mo. 301, is conclusive as to this point. (2) That injunction is the proper remedy in such cases, is expressly decided in Overall v. Ruenzi, 67 Mo. 203, which has never been overruled. See, also, Valle v. Zeigler, 84 Mo. 214. Even under the old rule in chancery that prohibited injunction where there was an adequate remedy at law, it was expressly stated that the rule did not hold good where the collector was insolvent. See State v. County Court, 51 Mo. 350, (this rule is referred to on page 378), where no reference is made to bond of collector. (3) The plaintiff had a right to suppose the assessment against him would stand as made, as no complaint or objection was made by the assessor when the list was delivered, and no appeal was made by the assessor to the board of revision and appeal. See Coal Mining Co. v. Neptune, 19 Mo. App. 438; Relfe v. Ins. Co., 11 Mo. App. 374, both of which are cited with approval in State v. Spencer, 114 Mo. 574. (4) The only other point raised is that plaintiff had an adequate remedy at law. Let us see what that remedy was: It could not be taken in replevin, because the plaintiff would

have to make affidavit that the same has not been seized under any process, execution or attachment against the property of plaintiff. See Article 5, Replevin, sec. 6169, Revised Statutes 1889. The only other remedy would be a suit in trespass against John B. Morgan, who is alleged to be insolvent. This allegation of insolvency makes a *prima facie* case, and it is not necessary to go further and anticipate the defense and negative the fact that the collector had given bond, or the solvency of the bondsmen. State v. County Court, *supra* (page 378); Hopkins v. Lovell, 47 Mo. 102; Bailey v. Wade, 24 Mo. App. 186. Aside from this, the plaintiff alleges that Morgan, acting as collector, seized the property of the plaintiff. The appellant, however, has saved the respondent from the force of his objection by expressly showing that in fact the officer was not required, either by the charter of the city or any ordinance, to give any bond, and we refer to the charter and ordinances mentioned in appellant's brief to establish this fact. Section 2373, of the Revised Statutes, noted in appellant's brief, has no application to municipal officers.

SMITH, P. J.—The plaintiff is a tax paying citizen of the city of Glasgow—a city which was incorporated under a special act of the legislature of this state in the year 1845. The defendant is the collector of said city.

The petition, *inter alia*, alleges that in the year 1898 the plaintiff, in compliance with the provisions of section three of chapter 2 of an ordinance of said city, approved December 21, 1892, delivered to the assessor of said city a list of his personal property, duly subscribed and sworn to, amounting to $3,222, which was received by said assessor and duly recorded as the true assessment of his property, and that said assessor returned his assessment book to the mayor and board of councilmen of said city and made no change or report to the said board of councilmen, sitting as a board of appeals, that plaintiff was delinquent or had omitted any part of his property from the

list thereof delivered to the said assessor, and that said assessor did not note any delinquency on his record of the assessment for taxation for said year; that under section five of said ordinance it was made the duty of the mayor of said city, on the completion of the assessment list, to order the secretary of the board of councilmen to give ten days notice of the time and place of the meeting of the board of councilmen, sitting as a board of revision and appeals, by written or printed handbills posted in a public place in each ward of the city; that the mayor of said city failed to make such order, but at a meeting of the mayor and board of councilmen held on July 5, 1898, the clerk was directed to give notice that the board of councilmen would sit as a board of appeals on the eighteenth day of July, 1898; that the secretary of the board of councilmen was not directed to give notice that said board of councilmen would sit as a board of revision and appeals as required by the provisions of said section five; that there was no record in the secretary's book showing that the said order of the board of councilmen, directing the publication of said notice, was ever executed by the said secretary, or that the meeting of said board of councilmen was ever held; that plaintiff had no notice whatever that said assessor had made a report to the board of revision and appeals that he was delinquent and had not given a correct list of his property or that he had omitted any part thereof from the list given by him to said assessor; that the assessor made no such report and that there was nothing to appeal from; that the plaintiff rested, satisfied with his assessment as made by the assessor; that the only record that there was ever a meeting of the board of revision and appeals is a certificate at the end of the assessor's book made and signed by the mayor, long after the tax book had passed into the hands of the said collector and after the said collector had seized the property of plaintiff; that in said tax book, following the certified return of the assessor, was a list of the names of certain persons and the amounts raised, in which list is in-

cluded the name of plaintiff, and a note "raised $6,508" and a tax on the same amounting to $45.56; that there is no record showing a meeting of the board of councilmen, or the place of meeting, or that any notice had even been given of a meeting, or that there was any trial under section seven of said ordinance; no record that the assessor had made any complaint whatever against this plaintiff. That the arbitrary entry on the book of the assessor after the return of the assessment list entering the name of plaintiff and raising the assessment of his property was made without any notice whatever to this plaintiff, and he had no knowledge whatever of any change made in his assessment until the city collector demanded this unlawful tax. That the plaintiff paid all of the taxes due the city, which was reported by the assessor, but refused to pay this illegal tax, whereupon the said defendant Morgan, acting as collector for the said city, with force and arms unlawfully entered the premises of plaintiff and wrongfully seized and took into his possession the property of your plaintiff and is proceeding to sell the same to satisfy said illegal and void taxes. That said defendant Morgan is insolvent and can not answer in damages to plaintiff for his illegal action.

That by reason of defendant's insolvency plaintiff is utterly remediless by the strict rules of law, and that his property will be sold and sacrificed unless this court could interfere by injunction to restrain the illegal acts of said defendant Morgan. The prayer was for an injunction restraining the collector from selling the plaintiff's property, etc. A temporary injunction was granted.

Afterwards, a demurrer was interposed to the petition on the grounds (1), that it did not state facts sufficient to constitute a cause of action and (2), that plaintiff had an adequate remedy at law, which, being overruled the defendant refused to plead further. A final decree was ordered making the temporary injunction perpetual. The defendant has appealed. .

. The errors complained of, if any there be, arise on the record proper. For the purpose of considering the grounds of the demurrer the allegations of this petition must be taken as if admitted. If there was no note or report by the assessor to the board of revision and appeals of any delinquency on the part of the relator, as seems to have been the case, it would seem that the list of the property delivered by the relator to the assessor was quite conclusive on the board of revision and appeals. If both the relator and the assessor were content with the former's list and there was no appeal it is quite difficult to understand from whence the board derived its authority to in any way change that list and especially so without giving the notice of its sitting required by ordinance. Mining Co. v. Neptune, 19 Mo. App. 438; State v. Spencer, 114 Mo. 574; Railway v. Cass Co., 53 Mo. 17.

It appears that the relator's list was not changed by a board of councilmen sitting as a board of revision and appeals in conformity to a notice of the secretary, given in pursuance of the direction of the mayor but by a board of revision and appeals, the notice of the time and place of whose sitting was not given within the time required by said ordinances, nor by an officer having the requisite authority to do so. The case presented by the plaintiff's petition is, that after the relator's list had been delivered to, and accepted by the assessor, without any objection thereto being noted by the latter, or any report being made by him of any delinquency on part of relator in relation thereto, the board of councilmen, not sitting in pursuance of the notice required by the ordinances of the city, met and changed the relator's list. This board was not, in a legal sense, a board of revision and review, and if it had been there was no appeal by which the relator's list was brought before it for revision. The question now raised is, was the change made by said board in the list of property given by the relator to the assessor of any validity? Laws for the assessment and collection of the revenue should be construed with

reasonable strictness.    State v. County Court, 13 Mo. App. 53; State ex rel. v. St. Louis County, 84 Mo. 234; Lynch v. Donnell, 104 Mo. 519.    In Railway v. Apperson, 97 Mo. 300, it is declared that, whenever, by legislative enactment, power is confided to a particular person or tribunal to perform specified acts, especially acts relating to the exercise of the important power of taxation, such legislative enactment is mandatory in its nature and must be strictly observed; and such power, in order to its validity, must be exercised and exercised only by the person or tribunal upon whom or on which it is in terms confided.    This doctrine is recognized everywhere, and disputed nowhere.    The power to tax is a high governmental power and when the legislature grants that high power to another tribunal, it can only be exercised in strict conformity to the terms in which the power is granted and a departure in any material part will be fatal to the attempt to exercise it. Kansas City v. Railway, 81 Mo. 285; Blackwell on Tax Titles ·[2 Ed.], 255; Campbell County Ct. v. Taylor, 8 Bush. 206; Westfall v. Preston, 49 N. Y. 353; Beckwith v. English, 51 Ill. 147.

Applying the foregoing principles to the admitted facts of the present case and it becomes plain that the action of the board of councilmen in changing the list of property given by relator to the assessor was an unauthorized and arbitrary exercise of power which can not be upheld.    It follows that the said $45.56, the amount of the increase of the relator's tax, resulting from the unwarranted change made in the list of his property, and for the payment of which the collector seized his property, was invalid.    The facts stated in the petition clearly show that the tax for which the levy was made is void and that its payment ought not to be enforced by the seizure and sale of relator's property.    The relator paid that part of his tax which was extended against the property included by him in his list, declining only to pay that part which was not so included, and no reason is seen why, under the present statute

in relation to injunctions, and the rulings of the supreme court, the relator may not successfully invoke the injunction process of a court of equity.   In Overall v. Ruenzi, 67 Mo. 203, a case in many respects analogous to this, it was said, "this court has been disposed to regard with favor, proceedings that are preventive in their character, rather than compel the injured party to seek redress after the damage is accomplished. We see no objection therefore in the mode adopted in this case to test the validity of the tax."   As it clearly appears from the several allegations of the petition that the tax was not levied in conformity to the requirements of the ordinances of the city, and was for that reason illegal, it is immaterial whether the collector who is seeking to enforce it by a seizure and sale of the relator's property was or was not insolvent.   Sills v. Goodyear, 80 Mo. App. 128, and cases there cited; Railway v. Apperson, *supra*; Valle v. Zeigler, 84 Mo. 214.

We are therefore of the opinion that the demurrer was properly overruled and that the decree was for the right party and should be sustained, and it is accordingly so ordered.   All concur.