THE STATE OF MISSOURI, *ex rel.* ROBERT AULL AND ISAAC J. POLLARD, Appellants, *vs.* ALFRED L. SHORTRIDGE, *et al.*, JUSTICES OF MACON COUNTY COURT, Respondents.

1. *Macon County—Charter—Tax levied by—How much per annum.*—In mandamus to compel the County Court of Macon county to levy a tax to meet the indebtedness of the county on railroad bonds issued for the Missouri & Mississippi Railroad Company, *held*, that under § 15 of the charter of the company (Sess. Acts 1863, p. 86,) said County Court had no power to levy in one year a tax of more than one-twentieth of one per cent. upon the assessed value of the taxable property in the county. County Courts have only such powers as are granted by statute; they can have no implied right to levy taxes.

*Appeal from Macon County Court.*

*T. K. Skinker,* for Appellants.

*Barrow, Carr & McGindley,* for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action for a mandamus to compel the County Court of Macon county to levy a tax to pay the principal and interest of several railroad bonds, held by the relators as purchasers thereof for value before maturity, which bonds had been issued in payment of a subscription made by the county of Macon to the capital stock of the Missouri and Mississippi Railroad Company. An alternative mandamus was issued, to which defendants made their return, and the plaintiff filed a replication thereto, joining issue to the matter set up in the return.

Upon the final hearing the court found for the defendants; refused to make the mandamus absolute, and dismissed the petition. The plaintiff filed a motion for a re-hearing, which was overruled, and the relators have brought the case here by appeal.

The county bonds referred to are in the following form:
"No. 1. Five years.
County of Macon, State of Missouri.
"$1,000. $1,000.
"Know all men by these presents, that the county of Macon, State of Missouri, acknowledges itself indebted to the

Missouri and Mississippi Railroad Company, (organized by an act of the General Assembly of the State of Missouri), or bearer, in the sum of $1,000, which sum the county promises to pay at the office of the County Treasurer, in the city of Macon, Missouri, on the 16th day of September, 1872, with interest at six per cent. per annum, which interest shall be payable annually on the presentation of the coupons hereto annexed at the office of the said County Treasurer in the City of Macon, Missouri. This bond being issued under and pursuant to orders of the County Court of Macon county, for subscription to the stock of the Missouri and Mississippi Railroad Company, as authorized by an act of the General Assembly of the State of Missouri, entitled, "An act to incorporate the Missouri and Mississippi Railroad Company." Approved February 20, 1865.

"In testimony whereof the said county of Macon has executed this bond by the presiding Justice of the County Court of Macon county, under the order of said court signing his name thereto, and by the Clerk of said court under the order thereof attesting the same and affixing the seal of said court. This done at the City of Macon, county and State aforesaid, this 16th day of September, 1867.

"[Macon Co.]			John Farrar, Clerk.
"[Seal of Court.]		·	A. C. Atterberry,
Presiding Justice of the County Court of Macon County."

The coupons attached are in the usual form.

There is no controversy about the facts. The case was submitted on the alternative writ, the return of respondents, and the reply of relators. The following facts appear: The relators are *bona fide* holders for value of certain past-due bonds and coupons which are described in the writ, and which, as appears by recitals on the face of the bonds, were issued under orders of the County Court of Macon county for subscription to the capital stock of the Missouri and Mississippi Railroad Company, as authorized by an act of the General Assembly of Missouri, entitled "An act to incorporate the Missouri and Mississippi Railroad Company," Approved February 20,

1865, and were delivered to said company in pursuance to a mandamus from this court. (See State, *ex rel.* Missouri & Mississippi Railroad Company vs. Judges Macon County Court, 41 Mo,, 453.) The amount of bonds so issued and delivered was $175,000; but relators had no knowledge of the amount; nor do the bonds, on their face, disclose the amount. The subscription was made without the assent of two-thirds of the qualified voters of Macon county. The county in 1867 received 1,750 shares of stock in said company, which it still holds and votes at all meetings of stockholders for the election of directors and for other purposes, and enjoys all the privileges of other stockholders. The County Court has, every year, from 1867 to 1872, levied upon and collected from the tax-payers of the county a tax of one-twentieth of one per cent. to pay interest, as stated by respondents. As stated by relators, it has levied taxes sufficient to pay the interest, together with $12,500 of the bonds themselves, as they matured. Respondents have refused to pay the bonds and coupons in suit, and have refused to levy the requisite tax beyond one-twentieth of one per cent.

It also appears, that the Missouri & Mississippi Railroad Company accepted its charter and organized under it in April, 1866 ; that the only authority for issuing the bonds in suit was contained in the thirteenth section of the charter. (Sess. Acts 1865, p. 86.) "It shall be lawful for the corporate authorities of any city or town, or the County Court of any county desiring so to do, to subscribe to the capital stock of said company, and may issue bonds therefor, *and levy a tax to pay the same, not to exceed one-twentieth of one per cent. upon the assessed value of the taxable property for each year.*" That the assessed value of property in said county in 1867 was $5,145,-810, in 1868 was $5,304,644, in 1869 was $5,191,626, in 1870, was $4,874,467, in 1871 was $4,264,260, and in 1872 was $5,466,434.

It is conceded that a tax of one-twentieth of one per cent. has been levied, and that it is wholly insufficient to meet the bonds and interest now due,

The point for us to consider, is whether the County Court of Macon county is prohibited by section thirteen of the charter of the railroad company above quoted, from levying, in any one year, a tax of more than one-twentieth of one per cent. upon the assessed value of the taxable property in the county.

There seems to be no restriction on the power of the county as to the amount of stock to be subscribed or the amount of bonds to be issued in payment of such subscription. Prudence indeed would dictate that the County Court, in the exercise of its discretion, ought not to have subscribed any more stock, or issued bonds to any greater amount, than they had authority to raise funds by taxation to meet the annual interest on the bonds, and the principal when they matured. But this, in my judgment, was a matter of discretion, and an excessive issue beyond the means of payment, of itself, does not render the bonds void.

Section thirteen of the charter above referred to, entered into and formed a part of the bonds themselves, and these bonds must receive the same construction as though this section had been set out in *haec verba* on their face.

There can be no innocent holder, so far as the restriction upon the power of taxation is concerned. Each bond-holder takes it subject to this restriction, and he must ascertain for himself whether there has been an over issue. The records of the County Court will show the amount used, and he can examine for himself as to the amount of taxable property in the county.

The language of section thirteen is plain and positive and will hardly admit of any other than a literal construction. It reads that the County Court "may issue bonds therefor, and *levy a tax to pay the same, not to exceed one-twentieth of one per cent. upon the assessed value of the taxable property* for each year."

A county is a mere *quasi* corporation, having only such powers as are delegated to it by the legislature. The County Court is the administrative agent of the county, and can only exercise such powers as are conferred on it by statute.!

9—VOL. LVI.

At the time this railroad charter was passed, the general law authorized County Courts which had issued bonds to railroad companies to levy taxes without limitation to pay the interest on their bonds, and to provide a sinking fund to pay the principal (1 Revised Laws 1855, p. 429, § 34). This provision was continued in the General Statutes of 1865, and is still the law of this State. And no doubt this provision would have entered into and formed a part of these bonds, and might have so entered into the obligations of the contract as to prevent a subsequent repeal by the Legislature, if there had been no restriction contained in the special act authorizing this subscription. But the very law authorizing the issue of the bonds in question, also limits the power of the County Court to levy a tax beyond one-twentieth of one per cent. for their payment, in any one year. This limitation was enacted, not for the bondholders, but for the benefit of the taxpayers, so that they might not be harassed with a railroad tax, in any one year, too grievous to be borne.

The only taxes that can be levied by counties are such as are provided for by the statute. The power of taxation is a sovereign right, which belongs alone to the State, and which can only be exercised in pursuance of laws passed by the Legislature for that purpose. There can be no such thing as an implied power in a County Court to levy a tax. The power must be clearly and expressly given by statute. We are called upon to compel the County Court of Macon county, by mandamus, to do what the law does not authorize, but expressly prohibits. In my judgment, this mandamus was properly refused. The Board of Supervisors of Carroll county vs. The United States, *ex rel.* John Reynolds, decided by the United States Supreme Court at the October Term, 1873, reported in the *Western Jurist* for January, 1874, was a case taken by writ of error from the Circuit Court of the United States for the district of Iowa. That case is very analogous to the one under review, and fully maintains the doctrines of this opinion. It is true two of the judges dissented, but not on the point involved in the case.

Let the judgment of the Circuit Court be affirmed. Judge Napton, having been of counsel below, not sitting. The other judges concur.