STATE ex rel. BRUMBAUGH, Collector of Holt County, v. KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

149 635
97a ¹401

Division Two, May 23, 1899.

1. School Taxes: BUILDING PURPOSES: AGAINST RAILROADS: LEVY. The exclusive power and authority to ascertain the rate of taxation for school building purposes to be levied upon railroad property, is conferred by statute upon the county courts of the respective counties in which th₁ taxes are levied, and that power can not be exercised by any other tribunal. The circuit court has no power to determine such rate of taxation in a suit by the county to collect the tax. Its power extends no further than the enforcement of the collection of the taxes legally levied by the county court.

State ex rel. v. K. C., St. J. & C. B. R. R. Co.

2. ——: ——: ——: ——: REVISED BY CIRCUIT COURT. The ascertainment of the rate and amount of levy of such taxes by the county court is an act judicial in its character, and such rate and amount of levy can not be increased or decreased by the circuit court, nor otherwise revised by it.

3. ——: ——: ——: ——: ILLEGAL IN TOTO. Where the trial court rendered judgment for the railroad company for the "school purposes" taxes, because no proper levy had been made as to them, and also determined that the taxes for "building purposes" were not properly levied, it in effect found for the railroad on all the issues in the cause, and should have given an instruction declaring this theory of the case.

*Appeal from Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED.

SPENCER & MOSMAN for appellant.

(1) The court committed error in failing to render judgment for the appellant, on finding that the levy of the county court was fatally defective. The trial court, in its subsequent action, arrogated to itself duties which the law cast on the county court, and which the circuit court had no power to exercise. R. S. 1889, secs, 7731 and 7732; City v. Railroad, 81 Mo. 293; Railroad v. Apperson, 97 Mo. 306; Brown v. Harris, 52 Mo. 306; State ex rel. v. Railroad, 110 Mo. 265; State ex rel. v. Railroad, 82 Mo. 239; State ex rel. v. Shortridge, 56 Mo. 126; Carondelet v. Picot, 38 Mo. 130; Railroad v. Cass Co., 53 Mo. 17; Henry v. Bell, 75 Mo. 194; Higgins v. Ausmuss, 77 Mo. 251. The circuit court was bound to exercise its powers in conformity to the well recognized method of procedure in common law courts. It should either have rendered a judgment on the cause of action stated in favor of the plaintiff, or it should have found for the defendant. This has always been the procedure in this State. No trial court ever before attempted to levy a tax. State ex rel. v. Railroad, 83 Mo. 395; State ex rel. v. Wabash, 114

Mo. 1; State ex rel. v. Schooley, 84 Mo. 447; State ex rel. v. Cook, 82 Mo. 185; State ex rel. v. Phillips, 102 Mo. 664; State ex rel. v. Railroad, 117 Mo. 12; State ex rel. v. Railroad, 135 Mo. 77. (2) The school estimates were neither competent nor sufficient, as evidence, to establish the existence of the facts authorizing the levy of the tax for the erection of public buildings, or the tax for the interest, or the sinking fund. The law requires the plaintiff in a tax suit to establish his right to recover by proving that every essential prerequisite of the statute has been complied with. Lagrue v. Raines, 48 Mo. 536; Howard v. Heck, 88 Mo. 461; Yankee v. Thompson, 51 Mo. 237; Reed v. Morton, 9 Mo. 885; State ex rel. v. Railroad, 87 Mo. 236; Railroad v. Apperson, 97 Mo. 300; State ex rel. v. Railroad, 117 Mo. 12. Fifteen days' notice must be proven to make a building tax valid. State ex rel. v. Railroad, 75 Mo. 526. The exhibition of the tax book in evidence will not establish the validity of the tax. It must be accompanied by the other records showing a compliance with the statutory requirements. State ex rel. v. Mantz, 62 Mo. 258; Morton v. Reid, 6 Mo. 73; Williamson v. Payton, 4 Wheat. 77; Washington County v. Railroad, 58 Mo. 372; Reed v. Morton, 9 Mo. 885. (3) The court had no jurisdiction to render the judgment in this case. The only theory on which the court could entertain the action was, that the State had a lien which could be enforced by its judgment, as there could be no lien in favor of the State in respect to the tax which the trial court levied there was nothing for the court to do. State ex rel. v. Snyder, 139 Mo. 555.

S. F. O'Fallon and G. W. Murphy for respondent.

(1) This was not a "levy made by the wrong tribunal," as argued by appellant, nor was it "arrogating to itself the duties the law casts on the county court" on the part of the circuit court. The finding of the court, as set out in its judgment, is essentially: That there was still due from

defendant company for the year 1893, $111.29; that the rate
levied by the county court be so reduced that it would pro-
duce this amount; to which was added the interest, commis-
sions and costs.    That for the year 1894 there was still due
from said company $300.41, which was apportioned as be-
fore, to which also was added commissions, interest and costs.
This was not a new levy by the circuit court, but a revision
of the action of the county court.    We contend that the tax
for the "erection of public buildings," covered the "build-
ing tax," for which suit was brought.    Appellant's conten-
tion on this point is untenable.    (2)    Instruction number
nine asked by the defendant was properly refused.    The
court had a right to review the work of the county court since
it has appellate jurisdiction "over all orders and judgments
of the county court."    R. S. 1889, secs. 3318, 3434, 7658.
The right of appeal from orders and judgments of county
courts exist by law in revenue cases as well as others, and on
appeal they are subject to correction. Coleman v. Farrar, 112
Mo. 72; State ex rel. v. Powers, 68 Mo. 320; State ex rel. v.
Dowling, 50 Mo. 134; Pease v. Chicago, 21 Ill. 500. (3) A
tax levy containing illegal items will not be invalid if so
made that the part which is legal can be separated from that
which is illegal.    State ex rel. v. Railroad, 135 Mo. 618;
Ex parte Bridge Company, 36 S. W. 1060; 25 Am. and Eng.
Ency. of Law, 191; DeFremery v. Austin, 53 Cal. 389;
Stokes v. Geddings, 46 Cal. 17; Jones v. Giles, 45 Cal. 541;
Railroad v. York Co., 7 Neb. 487; Vance v. Little Rock, 30
Ark. 435; Hurley v. Powell, 31 Ia. 64; Taff v. Barrett, 58
N. H. 447; Mix v. People, 72 Ill. 241; Law v. People, 87
Ill. 385; Elkhart v. Wickwire, 121 Ind. 331; Loesnitz v.
Seeslinger, 127 Ind. 422; Kinsella v. Auburn, 7 N. Y. Sup.
634.    (4)    The action of the circuit court was in the nature
of a remission of the tax levied in excess of that which was
justly due.    This was the proper method, and did no injus-
tice.    State v. McClurg, N. J. L. 253; Chambers v. Myrick,

61 Miss. 459. (5) The defendant had the right to appeal from the finding of the county court, but did not see fit to do so, but objected to the collection of the tax as levied by the county court in this action by the collector. This action of defendant brought the question properly before the circuit court for review, and the circuit court had the right to give the relief that the county court might have given. Because it did so, the defendant should not be heard to complain.

BURGESS, J.—This is an action by the State at the relation of M. C. Brumbaugh, collector of Holt county, against the Kansas City, St. Joseph and Council Bluffs Railroad Company, for unpaid school taxes levied against its property for the years 1893 and 1894.

The case was tried before the court, a jury being waived. The finding and judgment were for defendant as to the school purpose tax, and for plaintiff as to the building tax, including and counting as part of the building fund tax the amount levied for sinking fund and interest purposes, and judgment accordingly.

The judgment is as follows:

"Now at this time this cause coming on to be heard, the parties appear by their respective counsel, and now here plaintiff dismisses this suit as to the taxes claimed in petition as being due upon the property of the Atchison & Nebraska Company; upon the property of the St. Joseph & Nebraska Company; and also as to all taxes claimed to be due to the towns of Bigelow, Mound City and Craig. And now here this cause is submitted to the court by the agreement of the parties, a jury being waived, and the court having heard the evidence and arguments of counsel and being fully advised in the premises doth find for the defendant as to the school purpose taxes, and finds that the aggregate of the rates levied by the various districts in Holt county for the year 1893 for building purposes was $1.89; that the whole number of school districts in the county was 74; that the average

rate found by dividing the sum of $1.89 by 74 was .0255; that the aggregate value of the property of the defendant including the Tarkio and Nodaway Valley branches, amounts to $555,399.13; and that there should be charged against the defendant taxes at said average rate upon the aforesaid valuation, making a tax of $141.62 upon which the defendant has paid $30.54, leaving still due from the defendant $111.29; that the defendant should be charged with interest at the rate of one per cent per month since January, 1894, amounting to $22.25, and two per cent commission due the collector, $2.67, making said tax, interest and cost aggregated at this time $136.21.

"Wherefore it is ordered that plaintiff have and recover for and on account of the building tax for the year 1893, $136.21 and his costs in this behalf expended and that execution issue therefor.

"The court doth further find for the defendant as to the school purpose taxes of 1894, and finds that the aggregate of rates levied by the various districts in Holt county for the year 1894 for building purposes was $4.11; that there were only seventy-four districts in the county; that the average rate found by dividing $4.11 by seventy-four was .0568; that the aggregate value of the property of the defendant, including the Nodaway and Tarkio Valley branches, was $585,614.20, and that there should be charged against the defendant taxes at said average rate upon the aforesaid valuation, amounting to a tax of $332.62, upon which the defendant has paid $32.21, leaving still due from the defendant $300.41. That the defendant should be charged with interest at the rate of one per cent per month since January 1, 1895, or $24.03, and a collector's commission of two per cent, or $6.48, making said tax, interest and cost aggregate now $331.92.

"Wherefore it is ordered by the court that plaintiff have and recover, for and on account of the building tax of

the year 1894, the sum of $331.92 and his costs in this behalf expended, and have therefor execution.

"It is further ordered that said two sums bear interest at the rate of one per cent a month until paid, and there is hereby taxed an attorney's fee of $46 in favor of the plaintiff's attorneys, the same to be taxed and collected as other costs in this cause, and a lien is hereby declared on the property of the defendant for the payment of the judgment herein and costs."

After unsuccessful motion for new trial defendant appeals.

As shown by the petition, the taxes assessed against defendant's property in 1893 in said county, amounted to $9,690, and in 1894 to $10,003.68. The defendant paid all of its taxes before they became delinquent, except a portion of the school taxes. . As school taxes it paid to plaintiff for the year 1893, $2,191.05, and for 1894, $2,459.58, leaving unpaid school taxes for the year 1893, $945.25, and unpaid for the year 1894 the sum of $1,592.94. To recover these unpaid sums this suit is prosecuted.

It was agreed by the parties, that the county, by its order duly entered of record levied a school tax for "building purposes," for the year 1893 on the property of the defendant, and that so much of said order as relates to that item of tax, is in words and figures as follows: "Building purposes 5-74-100 cents on the $100 valuation."

The levies made were the same in each year, and the orders of the county court making them substantially in the same language, except as to the rate of taxation and the valuation of the property.

For 1893 the levy for "school purpose" tax was 46.26 cents on the $100 valuation, and for "building purposes" 5.74 cents on the $100 valuation, and in 1894 the levy for "school purposes" tax was 48.02 cents on the $100 valuation,

and for building purposes 15.392 cents on the $100 valuation.    There were seventy-four school districts in the county.

The following declarations of law were asked by defendant:

"1.    The court declares the law to be, that under the pleadings and the evidence in this case, the plaintiff can not recover.

"2.    In computing the aggregate sum of all the rates levied in the various school districts throughout the county, for the 'erection of public buildings,' the court will exclude all rates ordered by the directors for the purpose of providing a sinking fund, or paying the interest on bonds issued by the district.

"3.    The county clerk has no power to determine what the rate of taxation should be in any school district, but it was his duty to extend the taxes for the various school purposes, at the rate fixed upon by the board of directors of the various school districts, as shown by the estimates returned by such boards, and should the court find from the evidence that the county clerk, in extending the taxes in any district, failed to follow the rates fixed by the directors as shown by the estimate, but made a rate of his own, and extended the taxes on the school tax book at the rate as found by him, such rates so found by him should not be taken into account in making up the aggregate of all rates levied throughout the county.

"4.    The county court, in computing to ascertain the the average rate of taxation for school purposes, and for the erection of public buildings, was bound to compute and ascertain each rate separately.    It could not mingle together in one original grand aggregate the rates levied for school purposes, for the purpose of erecting public buildings, and for other purposes, and if the aggregate rate levied by the county court was found by commingling in the manner aforesaid rates for the various purposes, the plaintiff can not recover in this action.

"5.   The law requires the board of directors of school districts to state in the estimates returned by them to the county clerk, the amount necessary to sustain the schools during the year, and the rate necessary to raise said amount, and in computing the aggregate of the rates levied for the various school purposes throughout the county, the court will exclude from such computation the rates of all districts where the directors failed to fix and state the rate in the estimates returned by them.

"6.   The court will exclude from its computation the rates levied in districts where the directors failed to determine the rate to be levied, but merely certified that a majority of the voters voted to fix the rate at a certain sum (named in the estimate), 'provided so much was necessary to raise the amounts required for teachers and incidental funds.'

"7.   If the court finds that in fact there was no tax levied for the erection of public buildings, or for the purpose of providing a sinking fund and paying interest on the outstanding bonds of the district, in the various school districts throughout the county, and that in extending the tax the county clerk levied only one rate for all purposes, then the plaintiff can not recover the building taxes mentioned in the petition.

"8.   If the court finds from the evidence that the defendant paid to plaintiff for and on account of the school taxes of the years 1893 and 1894 an aggregate sum of money in excess of the amount legally levied on its property for all purposes, including the so-called building tax sued for, then the plaintiff is not entitled to recover in this action for such building taxes.

"9.   If the court finds that the county court in computing to ascertain the average of taxation for building purposes throughout the county, by mistake included levies made by the clerk in districts where no levies were made by the board,

and said average rate by said court, was erroneous and illegal, then no new rate can be ascertained by this court, and the finding must be for the defendant."

Of these the court gave the 3rd, 4th and 5th, and refused the others.   Defendant duly excepted to the action of the court in refusing instructions asked by it.

It is insisted by defendant that the court having determined that the assessment and levy sued upon were so fatally defective that they could not be enforced, that the case was at an end, and the court's jurisdiction and power ceased. That the collector was only authorized to enforce by an action at law a tax which had been regularly assessed and levied, and that it was only empowered to determine the validity of the tax and render judgment enforcing the lien of the State, in case the tax was a valid tax.   Upon the other hand it is claimed by plaintiff that this was not a levy made by the wrong tribunal, and that the finding of the court as set out in the judgment is essentially, that there was still due from defendant, for the year 1893, $111.29; that the rate levied by the county court be so reduced that it would produce this amount, to which was added the commissions and cost.   That for the year 1894 there was still due from defendant $300.41, which was apportioned as before, to which also was added commissions, interests and costs, and that this was not a new levy by the circuit court, but a revision of the action of the county court.

By sections 7731 and 7732, Revised Statutes 1889, the exclusive power and authority to ascertain the rate of taxation for school building purposes to be levied upon railroad property, is conferred upon the county courts of the respective counties in which the taxes are levied, and no such power can be exercised by any other tribunal.   [City of Kansas v. Railroad, 81 Mo. 285.]

In the case of Railroad v. Apperson, 97 Mo. 300, SHERWOOD, J., in speaking for the court said: "Whenever,

by legislative enactment, power is confided to a particular person or tribunal to perform specific acts, especially acts relating to the exercise of the important power of taxation, such legislative enactment is mandatory in its nature; its conditions must be strictly observed, and such power, in order to its validity, must be exercised and exercised only by the person or tribunal upon whom it is in terms confided. This doctrine is recognized everywhere, and disputed nowhere."

The power to levy taxes is purely statutory, and must be clearly given, otherwise it can not be exercised. [Carondelet to use v. Picot, 38 Mo. loc. cit. 130; State ex rel. v. Shortridge, 56 Mo. 126; State ex rel. v. Railroad, 87 Mo. 236.]

The ascertainment of the amount and levy of the county court was judicial in its character, and could not be revised by the circuit court, by decreasing them any more than it could by increasing them.

It had no power to determine the rate of taxation for building purposes to be levied upon defendant's property. Nor did its power extend any further than the enforcement of the collection of the taxes which were legally levied by the county court.

When it determined that they were not properly levied, and rendered judgment for defendant for the school purpose taxes because no proper levy had been made as to them, that was in effect finding for defendant upon all the issues in the case.

This question was presented by the ninth instruction asked by defendant, which was refused. It was not presented by either of the instructions that were given. That instruction should have been given also.

Our conclusion is that the judgment should be reversed, and it is so ordered.

There are a number of other questions raised by counsel of defendant in their brief, but as the conclusion reached

disposes of the case, we have not thought it necessary to pass upon them.

GANTT, P. J., and SHERWOOD, J., concur.