THOMAS H. KENNEDY, assessor, etc.,

*v.*

ST. LOUIS, VANDALIA & TERRE HAUTE R. R. COMPANY.

1.  TAXATION—*rolling stock of railroad company.*    Under the act of April 9, 1869, entitled, "An act for the collection of railroad taxes in certain counties, cities, and towns," the persons or company operating a railroad are liable for the taxes upon the rolling stock *used* upon such road, without reference to the ownership of the road or the rolling stock so used.

2.  SAME—*assessment—property used but not owned.*    By a written agreement with the Pullman Palace Car Company a railroad company employed on its road sleeping cars of the car company, hauled the same, furnished fuel and lights, kept them in running order, and received its ordinary fare for the transportation of passengers in them.    The car company was bound to

keep in repair the carpets, upholstery, and bedding, excepting repairs necessary from accident and casualty while being run on the road; received the fare for the extra accommodation, and furnished its own employees to receive the same and wait upon passengers: *Held,* that, although the general property in the cars was in the car company, yet the railroad company had such a community of interest and such a qualified property in them for the time being, that, for the purposes of taxation, they must be regarded, under the statute, as belonging to the rolling stock of the railroad company, and subject to be taxed as such.

3. CONSTRUCTION OF STATUTES—*strict.* Statutes conferring power to impose taxes are strictly construed. But where property is chargeable with taxes, and it is simply a question of which of two companies or persons, the one having the general property and the other a qualified one and using the same, shall pay the same, no reason is perceived for the application of the rule of strict construction.

APPEAL from the Circuit Court of Madison County; the Hon. J. GILLESPIE, Judge, presiding.

Messrs. IRWIN & KROME, for the appellant.

Mr. JOHN SCHOLFIELD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In proceeding to consider the question whether the sleeping cars in question are subject to taxation as a portion of the rolling stock belonging to the appellee, it may not be amiss to recur to the decisions of this court and the legislation of the State upon the subject of taxing the rolling stock of railroad companies.

In the case of *Sangamon & Morgan Railroad Company* v. *County of Morgan,* 14 Ill. 164, the rule was laid down to be that, with certain qualifications, personal property follows the residence of the owner and is there taxable; that a railroad track is real property, but that the rolling stock of a railroad company is personal property, and it was held that the residence of the Sangamon & Morgan Railroad Company must be taken to be in Sangamon County, where its principal office was, and that the rolling stock of its railroad, extending from

Naples to Springfield, fifty-five miles, and running twenty-seven miles through the county of Morgan, could not be rightfully assessed for taxes in Morgan County.

Thereafter, in 1855, the legislature passed an act to amend the assessment and revenue laws, which contains the following provision:

"The list (the schedule which a previous section required railroad companies to return to the county clerk for assessment) shall contain an inventory of the rolling stock belonging to said company, with the value thereof; said rolling stock shall be denominated 'personal property;' also a statement of the value of all other personal property owned by said company in each county, city, and town.

"The length of the whole of the main track, within this State, and the total value of the rolling stock shall be set forth in said list. The rolling stock shall be listed and taxed in the several counties, towns, and cities, *pro rata*, in proportion as the length of the main track in such county, town, or city bears to the whole length of the road. All other property shall be listed and taxed in the county, town, or city where the same is located or used."

Subsequently, the case of *Cook County* v. *C. B. & Q. R. R. Co.*, 35 Ill. 461, came before the court, where, it was held, in view of the above provision of the statute of 1855, that the C. B. & Q. R. R. Co., which ran its trains from Junction into the city of Chicago, twenty-eight miles of the distance in Cook County, over the track of the Galena & Chicago Union Railroad Company, under a contract of lease by which the former had agreed to pay the latter a stipulated rent for the right and privilege of using its road for that purpose, was not liable to be assessed for its rolling stock in the county of Cook; that the privilege of so running trains, according to the allegations of the bill in that case, imported no more than an easement or license, and no vested interest in the road; and that a road over which a company occasionally runs its trains

under a mere easement or license, is not any part of its main track; at the same time declaring that it was not prepared to say that a leased road might not be a part of the main track of the lessee within the meaning of the statute.

Following this decision was the act of April 9, 1869, entitled, "An act for the collection of railroad taxes in certain counties, cities, and towns," as follows:

SECTION 1. " Whenever any railroad, or any part thereof, shall be used or operated under any lease, contract, or arrangement, by any railroad company or other corporation, person or persons, the company, corporation, person or persons, so using or operating such road shall list, in the manner now provided by law in case of railroads, the rolling stock and personal property which may be used upon such road in the counties, towns, and cities through which such road may run, whether such rolling stock belongs to such road, or to the company, corporation, person or persons using or operating such road. And all such rolling stock and personal property shall be listed and taxed in the several counties, towns, and cities *pro rata* in proportion to the length of the main track of such road in such county, town, or city, shall bear to the whole length of such road: *Provided,* That in all cases where the rolling stock of any company, corporation, person or persons shall be used indiscriminately upon the road used or operated as aforesaid, and by and upon its, his, or their road, in connection therewith, the same shall be listed and taxed in the proportion which the combined length of the main tracks of said roads in the county, town, and city through which said line or lines pass, bear to the combined length of said road."

It will thus be seen that legislation on this subject has made the rolling stock of railroads an exception to the general rule of personal property being taxable at the place of residence of the owner, and required the taxes on it to be paid *pro rata* in the several counties, towns, and cities through which the road may run. The policy of this legislation

would be contravened in holding the Pullman Palace Car Company alone liable for the payment of these taxes.

The act last cited requires the persons or company operating a leased railroad to list for taxation the rolling stock *used* upon it, and although the present case does not come within the terms of that act, as the appellee operates its own, and not a leased road, it comes within the full spirit of the act, which is to require the rolling stock used upon railroads to be listed for taxation by those operating the roads, without reference to the ownership of the property.

Can these sleeping cars, for the purpose of taxation, be regarded as "belonging" to the appellee?   They are rolling stock, and are used by appellee with its regular trains upon its road.   Under the agreement in evidence, by which the cars are run upon the road, the Pullman Palace Car Company furnishes the cars, and has the exclusive right to do so for fifteen years; it keeps in repair the carpets, upholstery, and bedding, excepting repairs and renewals made necessary by accident or casualty happening to the cars while running upon the road, in which case such duty devolves upon the appellee.

The appellee is obliged to haul the cars, furnish fuel and lights, and keep them in running order; appellee gets its fare for transportation, and the car company the fare for the extra accommodation afforded by the sleeping cars—it furnishing one or more employees for each car, to receive such extra fare and wait upon passengers; such employees to be subject to the same rules and regulations adopted for the government of the appellee's own employees.   Although the general property in the cars is in the car company, the appellee has a community of interest in them for the time being.

There are not unfrequently cases in the law where one having a less estate in property than that of the absolute ownership, fulfills the condition of being owner.   The requirement, too, of the statute is to list, not the rolling stock which the company owns, but the rolling stock "belonging"

to the company. We are of opinion the appellee has such a qualified property in these sleeping cars, that, for taxable purposes, they may be regarded, within the fair meaning of the statute, as "belonging" to the rolling stock of the railroad company, and that they are subject to be taxed as forming a portion of the same. Such a construction is obviously one which tends to suppress the mischief intended to be remedied by the aforesaid enactments, made in amendment of the revenue law, with respect to the assessment of the rolling stock and other personal property of railroad companies.

We do not conceive, as is objected, that this would involve the result of double taxation of both the railroad company and the car company. The liability of the railroad company to pay taxes on the cars as a portion of its rolling stock, would operate to exempt the car company from liability to pay the taxes as owner of the cars.

The railroad company would be viewed as the owner, *pro hâc vice.*

The rule of strict construction of statutes which confer authority to impose taxes, which is appealed to in behalf of the appellee, does not seem to apply. This is not a question of the imposition of the burden of a tax upon the citizen, but, rather, as to which one of two persons is liable for the payment of a tax already imposed. It is not questioned that the cars are chargeable with the tax, and in considering which one of these two companies is liable for its payment, it is not perceived why any strictness of construction should be applied in the case of the one any more than in that of the other.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*