THE PEOPLE *ex rel.* Edwin S. Herron, County Collector, Appellee, *vs.* THE CHICAGO AND SPRINGFIELD RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*highway commissioners must hold both meetings required by the statute.* Failure of the highway commissioners to hold both of the meetings provided for in sections 50 and 56 of the Roads and Bridges act of 1913 renders the road and bridge tax invalid.

2. SAME—*what shows compliance with section 50 of the Roads and Bridges act.* Section 50 of the Roads and Bridges act is complied with if the record of the highway commissioners shows that the commissioners met at any time between the first Tuesday in August and the first Tuesday in September and determined the tax rate for construction, maintenance and repair of roads and bridges.

3. SAME—*what is not required by section 50 of the Roads and Bridges act.* Section 50 of the Roads and Bridges act does not require that the president of the board of highway commissioners shall name the day of the meeting therein provided for at any given time or place prior to such meeting, or that the record of the board shall show that the president had designated the time of such meeting.

4. SAME—*determination of amount of taxes at August meeting is not sufficient.* The determination by highway commissioners, at the meeting required by section 50 of the Roads and Bridges act, of the amount required for road and bridge purposes is not a determination of the rate as required by such section.

5. SAME—*commissioners are not required to certify the rate of taxation.* Section 56 of the Roads and Bridges act, requiring the highway commissioners to certify the amount required for road and bridge purposes, does not require that the commissioners shall certify the rate of taxation or state when they held their meetings.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

FREE P. MORRIS, and ROSCOE C. SOUTH, (JOHN G. DRENNAN, of counsel,) for appellant.

J. W. KERN, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Chicago and Springfield Railway Company filed objections to the entering of judgment against its property for the road and bridge tax for 1914 extended against said property in Douglas township in the sum of $143.33 and in Ridgeland township in the sum of $235.55, which sums had been returned as delinquent in Iroquois county. The objections were overruled and judgment was rendered accordingly, and the railway company prosecutes this appeal.

The objections to the road and bridge taxes in both of said townships are, (1) that the highway commissioners therein did not hold a regular semi-annual meeting between the first Tuesday of August and the first Tuesday of September in the year 1914, at a time named by the president of the board, and determine the tax rate to be certified to the county board of supervisors; (2) that no time or date was ever fixed by the president of said board for holding said regular semi-annual meeting, and that said board did not at any time meet and determine said tax rate; (3) that said commissioners did not hold a regular meeting on the first Tuesday in September, 1914, and determine the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in said towns, and did not certify to the board of supervisors such an amount.

Section 50 of the Roads and Bridges act of 1913 requires that the commissioners of highways of each town or road district shall hold a regular semi-annual meeting between the first Tuesday in August and the first Tuesday

in September of each year, at a time to be named by their president, for the purpose of determining the tax rate to be certified by them to their respective county boards, as thereinafter provided. Section 56 of the act requires a regular meeting on the first Tuesday in September, at which the highway commissioners are required, annually, to determine and certify to the board of supervisors the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges. Both of those provisions are mandatory, and a failure of the commissioners to comply with either of those provisions renders the tax levy invalid for the taxes therein specified. (*People v. Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112.) The semi-annual meeting spoken of in said section 50 may be held at any time between the first Tuesday in August and the first Tuesday in September that the president of the board of highway commissioners may name. It is not a requirement of that section that the president shall name the day of such semi-annual meeting at any given time or place prior to such meeting, or that the record of such meeting, or of any other meeting of the board, should show he had named or designated the time of such meeting. Section 50 is complied with in that regard if the record of the board shows that they met at any time between said dates and determined the tax rate for the construction, maintenance and repair of roads and bridges.

The record of the commissioners of highways in Ridgeland township shows that a meeting of the commissioners was held in the town clerk's office on the 22d day of August, 1914, and that a motion was carried at that meeting "that the levy be $3000 for road and bridge tax." No tax rate was determined at that meeting or at any other meeting of the commissioners, as shown by their record, to be certified by them to the county board, as required by section 50 of the act. The road and bridge tax for Ridgeland township was therefore invalid and the court erred in overruling

appellant's objections as to those taxes. Determining the amount of taxes to be raised is not determining the rate.

The objections to the taxes in the township of Douglas were properly overruled by the court. The record of the commissioners of highways shows that they met at their regular meeting on the 29th day of August, 1914, with all commissioners present, and determined, by resolution, that they required for road and bridge purposes for the year 1914 a tax rate of sixty-one cents on each $100 valuation of the taxable property of said town, and it was further resolved by the board that a tax rate of sixty-one cents on each $100 valuation of the taxable property of said town for road and bridge purposes in said town for the year 1914 be certified to the county board of Iroquois county. The commissioners also met, as shown by their record, on the first day of September, 1914, being the first Tuesday in September, 1914, and, on motion, resolved that they certify to the board of supervisors of Iroquois county the sum of $9500 as the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in said town, and they filed such certificate of said date on September 8, 1914, in the county clerk's office of said county, certifying that they determined that there shall be levied in said town for the proper construction, maintenance and repair of roads and bridges in such town for the year A. D. 1914 the sum of $9500. It was not necessary to also certify the rate of taxation to the county board, as contended by appellant, or that it state when the board held its meetings to fix the rate and the amount of tax necessary. Section 56 does not require that. The county clerk determines what the rate is when the certificate is approved by the county board and then extends the tax, not, however, to exceed the rate of sixty-one cents on the $100 valuation of taxable property.

It appears from the record in this case that the said orders of the board of highway commissioners of Douglas

township were first recorded in the town clerk's record of said township and were afterwards copied into the record of the commissioners of highways. This fact did not render the record of the commissioners inadmissible in evidence.

For the foregoing reasons the judgment of the court as to the road and bridge taxes of Douglas township is affirmed and the judgment as to the road and bridge taxes of Ridgeland township is reversed.

*Affirmed in part and reversed in part.*