(No. 13587.—Reversed and remanded.)

THE PEOPLE ex rel. Ed. R. Knecht, County Collector, Appellant, vs. JOHN BARTON PAYNE, Director General of Railroads, et al. Appellees.

*Opinion filed February 15, 1921.*

1. TAXES—*commissioner must determine the rate for road and bridge tax.* The commissioner of highways must determine the rate for the road and bridge tax of his township as well as the amount of the tax, as both determinations are mandatory under sections 50 and 56 of the Road and Bridge act.

2. SAME—*when record may be amended to show tax rate was determined.* On application for judgment for taxes the court may authorize the amendment of a tax record to show that the commissioner of highways determined the rate for the road and bridge tax, and the amendment may be made by the town clerk where the commissioner who fixed the rate is dead at the time of the trial and where it is clearly shown that the proposed amendment will cause the record to speak the truth.

APPEAL from the County Court of Shelby county; the Hon. A. J. STEIDLEY, Judge, presiding.

A. L. YANTIS, State's Attorney, for appellant.

H. T. DICK, and W. C. & W. L. KELLEY, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

John Barton Payne, United States Agent of Railroads, the Chicago and Eastern Illinois Railroad Company and William J. Jackson, receiver of the said railroad company, appellees, filed objections in the county court of Shelby county to the road and bridge tax of Okaw township extended against the property of said railroad company, on the ground that the same is void because the commissioner of highways of said township had failed to determine the tax rate at the office of the town or district clerk on the first Tuesday in September, as required by section 50 of

the Road and Bridge act. On the hearing the court sustained the objections and gave judgment against appellant.

Appellant made a *prima facie* case by offering in evidence the tax judgment, sale, redemption and forfeiture record and proof of publication. In rebuttal, the appellees proved that there was no record showing that the commissioner of highways fixed any rate of taxation or determined on any rate of taxation for road and bridge purposes for said township for the year 1919, the tax being for that year. Under the proof thus far appellees were entitled to judgment, as it was necessary to the validity of the tax that the record show that the commissioner of highways had determined the tax rate at said time, as provided by section 50 of the Road and Bridge act. This court has heretofore held that determining the amount to be raised by taxation for the proper construction, maintenance and repair of roads and bridges is not determining the rate, and that both determinations are necessary and mandatory under sections 50 and 56 of said act. *People* v. *Chicago and Springfield Railway Co.* 270 Ill. 600; *People* v. *Chicago Great Western Railroad Co.* 279 id. 176.

The State's attorney, representing the appellant, then moved the court for an order permitting the town clerk of the town of Okaw to amend the minutes of the meeting of the highway commissioner held September 2, 1919, being the first Tuesday in September, by inserting as paragraph 1 of the minutes the following words and figures: "The commissioner of highways of said town of Okaw after due consideration determined that the tax rate for road and bridge purposes in said town for the year 1919 shall be the limit determined by law, or sixty-six cents on the $100 valuation, and that said rate be certified as required by law." In support of this motion he offered the testimony of two witnesses, J. C. Willard and Thomas Keim, the former being a lawyer employed by the highway commissioner to assist him in determining the amount of taxes to be raised and

the latter being the clerk of the town of Okaw, who had possession of the record and whose fault it was, as claimed by appellant, that the record did not show such required facts. By Willard it was proved that the highway commissioner, C. S. Welch, who has since died, came to him a short time before September 1, 1919, and told him that he wanted to levy the limit for road and bridge purposes for Okaw township. Willard went to the court house and got the assessed valuation of all the real and personal property for that township for 1918, and upon making the calculation informed Welch that sixty-six cents on the $100 valuation would produce approximately $6000. It was also proved by the certificate of the levy signed by Welch that the amount of money levied for taxes for road and bridge purposes for that year for the township was $6000. Keim testified, in substance, that he was clerk of said township and had possession of the records thereof; that he was the clerk in September, 1918, and recorded the minutes of the commissioner of highways that are now in question; that he knew Welch, the commissioner, and that Welch met him at his office on September 2, 1919; that at that meeting Welch informed him that he had come to the conclusion that the rate for roads and bridges for 1919 would be sixty-six cents on the $100 and that he would determine that that would be the rate for 1919; that he also said that the new law was sixty-six cents on the $100 valuation. He positively stated upon cross-examination that Welch determined on that day that he would use the limit,—that is, the sixty-six cent rate.

Under section 191 of the Revenue act liberal provisions are made for the correction of irregularities and omissions of officers in the proceedings connected with the assessment and levying of taxes which do not affect the substantial justice of the tax itself. These provisions are frequently held to be broad enough to justify admission of parol testimony to prove that the officer whose duty it was to keep the rec-

ord of the proceedings failed or neglected to make proper
record of the same, and that under said section the record
may be amended to correspond with the actual facts, under
sufficient parol proof. The evidence in support of the mo-
tion of appellant to amend the record was clear and sat-
isfactory and established the fact that the record did not
speak the truth by reason of the omission of the clerk. The
court should therefore have allowed appellant's motion to
incorporate the proposed amendment in the clerk's record.
*Cincinnati, Indianapolis and Western Railway Co.* v. *Peo-
ple,* 206 Ill. 565.

Appellees contend that inasmuch as the motion of ap-
pellant was that the clerk be permitted to amend the record
it should not have been allowed, as the clerk had not the
authority to amend without the direction of the commis-
sioner. The commissioner whose acts and determination the
minutes in question purported to record was dead at the
time of the trial and his successor knew nothing about what
action had taken place at the meeting on the part of his
predecessor. The court was authorized, under section 191
of the Revenue act, on motion of the State's attorney, to
permit the clerk to amend the record on satisfactory evi-
dence being produced warranting such amendment. The
last part of said section provides that "any irregularity or
informality in the assessment rolls or tax lists, or in any
of the proceedings connected with the assessment or levy
of such taxes, or any omission or defective act of any offi-
cer or officers connected with the assessment or levying of
such taxes, may be, in the discretion of the court, cor-
rected, supplied and made to conform to law by the court,
or by the person, in the presence of the court, for whose
neglect or default the same was occasioned." The court's
action is reviewable although the statute provides that the
amendment is at the discretion of the court. The court
should exercise a sound discretion and permit the amend-
ment when the evidence is clear and satisfactory that the

proposed amendment will cause the record to speak only the truth where it does not speak the whole truth, and to deny the right to amend unless the evidence is of the character aforesaid.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the appellant's motion to amend and give judgment for the tax in question, provided the record is first amended according to the appellant's motion.

*Reversed and remanded, with directions.*