(No. 24526.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE WILSON CAR LINES, INC., Appellee.

*Opinion filed June 15, 1938—Rehearing denied October 5, 1938.*

THOMAS J. COURTNEY, State's Attorney, and PHILIP H. TREACY, (MARSHALL V. KEARNEY, of counsel,) for appellant.

W. R. BROWN, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The People brought an action of debt in the circuit court of Cook county for the 1932, 1933, and 1934 personal property taxes against the Wilson Car Lines, Inc., a Maine corporation with its principal place of business in Cook county, Illinois. Propositions of law were submitted by defendant and judgment was rendered by the court in its favor. The case is here on direct appeal.

The principal facts were stipulated by the parties. On April 1, 1932, defendant company owned 1742 railroad cars valued at a fair cash value of $968,853; on the same date in 1933, it owned 1697 cars valued at $1,021,238; in 1934, it owned 1,627 cars valued at $1,055,689. These cars were rented to railroad companies for the interstate and intrastate transportation of merchandise to and from certain meat-packing plants located in Cook county. Defendant also owned office furniture and fixtures located in the same county. In 1932, defendant filed a personal property tax

schedule listing its office furniture at $500. The local assessor increased this valuation to $755 and inserted an additional assessment on line 16 of the printed schedule labeled "Manufacturers' Tools and Machinery," with a valuation of $168,983. The two items were totaled and equalized at thirty-seven per cent, making an equalized assessment of $62,803. Defendant filed a complaint before the board of appeals which revised the assessment and reduced the equalized value to $53,145. A tax was thereupon assessed against defendant in the amount of $4,107.51, only $14.30 of which was paid—that part of the tax attributable to the office furniture.

In 1933, defendant again scheduled only its office furniture. An additional assessment of $145,440 was entered by the assessor on line 10 of the schedule labeled "Machinery and Equipment," and another item of $25,000 was entered on line 16, labeled "all other personal property." These items were equalized at thirty-seven per cent to give a total assessed value of $63,137. Defendant again complained to the board of appeals which struck off all the items except the office furniture. Subsequently, after notice to defendant, the assessor made an additional assessment for omitted property for the year 1933 in column 10 labeled "Machinery and Equipment," with an equalized value of $48,138. Substantially the same events occurred in 1934. On line 10, labeled "Machinery and Equipment," an additional assessment of $117,094 was entered by the assessor; the board of appeals, upon the recommendation of the assessor, reduced that valuation to $70,456 which was equalized to $26,069, and defendant paid only $4—the tax on its office furniture—out of a total tax of $1,856.12.

It was successfully contended by defendant in the circuit court that the assessment entered on line 16 of the 1932 schedule labeled "Manufacturers' Tools and Machinery," and those entered on line 10 of the 1933 and 1934 schedules labeled "Machinery and Equipment," could not

be sustained by proof that defendant owned railroad cars—assuming that these cars were subject to taxation. A motion was filed by the People to correct the record to show that the assessment made in each case was upon cars owned by defendant but this motion was denied. Section 191 of the Revenue act (Ill. Rev. Stat. 1937, chap. 120, par. 179) provides: "In all judicial proceedings of any kind, for the collection of taxes, * * * no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularity or informality in * * * any of the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any other officer * * * connected with the assessment or levying of such taxes, may be in the discretion of the court, corrected, supplied and made to conform to law by the court," etc. While the right to order the record amended under this section is in the discretion of the trial court, such discretion must be reasonably exercised and is subject to review upon appeal. *People* v. *Payne,* 296 Ill. 236.

The schedules upon which the challenged assessments were entered were issued by the State Tax Commission in conformity with the provisions of section 25 of the Revenue act, (Ill. Rev. Stat. 1937, chap. 120, par. 25.) The one used in 1932 contains forty-one separate classifications of personal property; those used in 1933 and 1934 contain sixteen classifications. An assessment of railroad cars cannot accurately be placed under any of the specific groups and hence should have been inserted under the last item on each of the schedules which covers all taxable personal property not otherwise specified. The existence of this error, alone, however, does not vitiate the assessment if it can be said that it does not affect "the substantial justice of the tax." This court described the purpose served by requiring the

itemization of assessed property in *People* v. *Common-wealth Edison Co.* 367 Ill. 260. We said there: "(1) It would inform those of the public generally as to the nature and amount of personal property which the taxpayer had submitted for assessment and tend to influence, on his part, a full rendition of his property; (2) a taxpayer would know the kind and amount of property on which he was assessed and the aggregate assessment as to each class, and could plead such assessment in bar if an effort was later made to re-assess the same property as omitted property, and (3) bodies created for the purpose of discovering property not returned for taxation and causing it to be assessed, would have a schedule of the property disclosed by the taxpayer. The investigating body would thereby be able more readily to determine whether the owner had made a complete return and omitted property, liable to taxation, could be ascertained more easily." While railroad cars might, in one sense, be considered "machinery" or "equipment," their inclusion under classifications so labeled cannot be said to satisfy the three requirements just quoted. If the cars had been itemized under the general provision covering personal property not otherwise mentioned in the schedule, defendant would have had even less information as to the nature of the property assessed, yet it could not have complained. Hence, we cannot see how defendant was injured. Had the property been assessed under the general classification, the same doubt as to its nature would have existed—a doubt which, in any event, could not have been very great, since defendant admitted that it owned no property other than the railroad cars, except the office furniture which was properly itemized. The trial court should have permitted the record to be amended.

The circuit court further found that the cars in question here were assessable by the State Tax Commission as rolling stock belonging to the railroad companies upon whose lines they were operated. In support of this ruling, defendant

cites the early decision of *Kennedy* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 62 Ill. 395, where this court held that railroad cars were properly assessed to a railroad company even though that company merely leased them. In that case we were called upon to construe the effect of an amendment to the Revenue act enacted in 1869. The act, prior to amendment, provided that the schedule of personal property filed by a railroad should include "an inventory of the rolling stock belonging to said company, with the value thereof," etc., and this court had construed it in *Cook County* v. *Chicago, Burlington and Quincy Railroad Co.* 35 Ill. 461, to mean that rolling stock merely leased by a company need not be scheduled by it. The amendment in 1869 provided that a railroad company should list "the rolling stock and personal property which may be used upon such road in the counties, towns, and cities through which such road may run, whether such rolling stock belongs to such road, or to the company, corporation, person or persons using or operating such road." After reviewing the history of these sections of the act, we decided in the *Kennedy case, supra,* that the words "belonging to," in the provision first quoted, were intended to include rolling stock merely used or operated by a railroad. The Revenue act, as it existed from 1932 to 1934 contained no provision similar to the amendment of 1869. Section 44 of that act (Cahill's Stat. 1931, chap. 120, par. 49; Cahill's Stat. 1933, chap. 120, par. 49;) provided that: "The movable property belonging to a railroad company shall be held to be personal property" and that the schedule to be filed shall contain a "correct detailed inventory of all the rolling stock belonging to such company," etc. In the absence of a provision similar to the amendment of 1869, we believe that the construction of the words "belonging to" adopted in the *Kennedy case, supra,* is not in point. It seems clear that the legislature intended that those words as they were used in the statutes from 1932 to 1934 should have their generally

accepted meaning and that only cars owned by a railroad company should be assessed to it by the State Tax Commission. This conclusion is fortified by the fact that the provisions of the Revenue act then in force were repealed in 1937, and a new scheme, similar in many respects to the statutes in force in 1869, was enacted. It is now provided that "the Tax Commission shall assess all property owned or used by railroad companies operating within this State," etc., (Ill. Rev. Stat. 1937, chap. 120, par. 56.1 *et seq.*) and we believe it proper to assume that the legislature, by this express provision for the taxation of rolling stock to the company which operates it, intended to cover a contingency not previously provided for. Thus, prior to 1937, the cars in question here could not properly have been assessed by the State Tax Commission to the railroads upon whose lines they were operated and, since it was stipulated by the parties that defendant is not a railroad or transportation company subject to the jurisdiction of the State Tax Commission, they could not be assessed by that body to defendant. These cars, if taxable at all, were properly assessed to defendant by the local assessor during the years 1932, 1933 and 1934.

The circuit court also held that the cars assessed here were instruments of interstate commerce and hence could not be assessed locally in Cook county. Two questions are presented by this holding: (1) Whether these cars, or any number of them, can be subjected to taxation in Illinois under the constitution of the United States and, if so, (2) whether the legislature of this State has authorized their taxation by statute. In *Johnson Refining Co.* v. *Oklahoma,* 290 U. S. 158, the State of Oklahoma attempted to tax an entire fleet of tank cars belonging to an Illinois corporation with its principal office in Chicago. The Supreme Court of the United States reversed the Supreme Court of Oklahoma, which had sustained the tax imposed upon all the cars owned by the company, stating: "Although roll-

ing stock, such as these cars, is employed in interstate commerce, that fact does not make it immune from a non-discriminatory property tax in a State which can be deemed to have jurisdiction. * * * The basis of the jurisdiction is the habitual employment of the property within the State. By virtue of that employment the property should bear its fair share of the burdens of taxation to which other property within the State is subject. When a fleet of cars is habitually employed in several States—the individual cars constantly running in and out of each State—it cannot be said that any one of the States is entitled to tax the entire number of cars regardless of their use in other States. When individual items of rolling stock are not continuously the same but are constantly changing, as the nature of their use requires, this court has held that a State may fix the tax by reference to the average number of cars found to be habitually within its limits." This doctrine—that under the commerce and due process clauses of the Federal constitution a State may tax the average number of cars acquiring a situs within its jurisdiction—is well established. (*American Refrigerator Transit Co.* v. *Hall,* 174 U. S. 70; *Union Refrigerator Transit Co.* v. *Lynch,* 177 id. 149.) Thus, Illinois had the power to impose a tax upon the average number of defendant's cars habitually employed in this State, if it so desired.

A reference to the Illinois statutes shows that the legislature has exercised the power that it possesses. Section 7 of the Revenue act of 1898 (Ill. Rev. Stat. 1937, chap. 120, par. 286) provides that "All property in this State shall be subject to assessment and taxation as provided by the general laws for the assessment of property and for the levy and collection of taxes except such property as may be exempt therefrom by such general laws." This broad provision indicates an intent to tax all personal property in this State which may constitutionally be subjected to assessment. (*Wheelock, Lovejoy & Co.* v. *Gill,* 366 Ill. 378.) Sec-

tion 1 of the Revenue act of 1872 provides: "That the property named in this section shall be assessed and taxed except so much thereof as may be, in this act, exempted: First: All real and personal property in this State. Second: * * * all other personal property, including property *in transitu* to or from this State, used, held, owned or controlled by persons residing in this State." In *Keith Railway Equipment Co.* v. *Board of Review,* 283 Ill. 244, this court held that "Each State may only tax the cars in such State, and if the cars are not permanently situated in any one State the tax is not on individual cars but can only be levied on the average number in the State during the taxing period." This holding was correctly interpreted by the Circuit Court of Appeals for the Seventh Circuit in *Union Tank Car Co.* v. *McKnight,* 84 Fed. (2d) 421, where an assessment under the personal property tax law of this State was sustained on the average number of tank cars owned by a New Jersey corporation. That court there said: "We are satisfied that the district court correctly determined the issue of taxability of appellant's tank cars. This conclusion is based upon the following: (1) The statutory terms describing the taxable property are most comprehensive and therefore are capable of encompassing rolling stock belonging to a foreign corporation, habitually found in the State. (2) The decision of the Illinois Supreme Court in the *Keith case, supra,* is a definite interpretation of this statute and determines for us that rolling stock is taxable on the basis of daily average of cars within the State. * * * This construction * * * is most persuasive, if not controlling."

Defendant argues that section 1 of the Revenue act, *supra,* by its express terms applies only to property *in transitu* belonging to "persons residing in this State;" that defendant is a foreign corporation and hence not within the statutory terms; that the *Keith case, supra,* involved a domestic corporation, and that the Circuit Court of Appeals,

in the *McKnight case,* improperly interpreted our statutes to apply to foreign corporations. Section 11 of the Revenue act of 1872 (Ill. Rev. Stat. 1937, chap. 120, par. 11) provides, however, that "Personal property, *in transitu,* shall be listed and assessed in the county, town, city or district where the owner resides: Provided, if it is intended for a business, it shall be listed and assessed at the place where the property of such business is required to be listed." Section 7 of the Revenue act of 1872 (Ill. Rev. Stat. 1937, chap. 120, par. 7) provides that the property of a corporation shall be listed at its principal office or place of business, which, in defendant's case, is in the town of Lake, Cook county, Illinois. Further, it is significant that defendant's cars are loaded and unloaded at points within this State. In fact, almost all of defendant's business is conducted at its principal office. Thus, defendant can be said to have acquired a business situs here and to be a resident of this State within the meaning of these sections of the tax law. Our decision in *Wheelock, Lovejoy & Co.* v. *Gill, supra,* is distinguishable from the present case. Intangible personal property was there involved and we held that, because of the doctrine of *mobilia sequuunt personam,* intangibles of foreign corporations were not subject to taxation under our statutes, notwithstanding their broad provisions. Here the tangible personal property which has acquired a situs for the purpose of taxation within this State is involved, and no reason appears why it should be exempted from its just share of the costs of government.

Defendant's claim that the judgment of the circuit court can be sustained because the People failed to prove the average number of cars acquiring a situs in this State in the respective years involved is without merit. In *Union Refrigerator Transit Co.* v. *Lynch, supra,* the Supreme Court of the United States said: "The complaint in this case contained no averment as to the average number of cars of plaintiff in error used in the State of Utah, but it

did show that the company was doing business in Utah in the year for which the tax in question was levied, and that it was running its cars into and through the State. * * * The presumption is that the action of the taxing officers was correct and regular, and that the number of cars assessed * * * was the average number used and employed by plaintiff in error in the State of Utah during 1897." The presumption here referred to is codified in section 230 of our Revenue act of 1872 (Ill. Rev. Stat. 1937, chap. 120, par. 215) which provides that "the fact that real estate or personal property is assessed to a person, firm or corporation, shall be *prima facie* evidence that such person, firm or corporation was the owner thereof, and liable for the taxes for the year or years for which the assessment was made," etc. (*Carney* v. *People,* 210 Ill. 434.) Thus, the burden was upon defendant to show that the valuations entered by the assessor in the years in question were greater than the value of the average number of cars acquiring a taxable situs in this State during those years. This the defendant failed to do.

Defendant further contends that despite the assumption that its property is taxable in Illinois, a personal judgment cannot be rendered against it because it was incorporated in Maine and hence domiciled there. In support of this contention, defendant relies principally upon *Dewey* v. *Des Moines,* 173 U. S. 193, where the Supreme Court of the United States sustained the issuance of an injunction restraining the enforcement of an Iowa statute which imposed personal liability upon non-residents for personal property taxes. We do not deem it necessary to determine the adverse effect of *Nickey* v. *Mississippi,* 292 U. S. 393, upon the *Dewey case;* it is sufficient to point out that, here, defendant had acquired a business situs in this State and hence may properly be considered a resident for tax purposes. More important, defendant was personally served with notice of these proceedings and entered a general appearance—

the absence of which fact in the *Dewey case* was one of the principal grounds for the decision. Under these circumstances, we can see no reason why a defendant who voluntarily submits to the jurisdiction of a court cannot be held personally liable for taxes.

Defendant finally urges that it is not liable for a tax upon the average number of cars acquiring a situs in this State in 1933 because those cars were assessed as omitted property by the assessor, who was without power to do so in the absence of direction by the board of appeals. This point is well taken. While it is true, as the People contend, that section 276 of the Revenue act of 1872 (Ill. Rev. Stat. 1937, chap. 120, par. 261) authorizes the assessment of omitted property by the local assessor, we have held that in view of section 35a of the Revenue act of 1898 (Ill. Rev. Stat. 1937, chap. 120, par. 314a) which provided that the board of appeals should direct the assessor to assess omitted property, no such assessment could be made by the assessor in the absence of such direction. (*People* v. *Board of Appeals,* 367 Ill. 559.) Thus, the assessment entered against defendant for the year 1933 was made without authority and is void.

The judgment of the circuit court of Cook county, holding void the taxes assessed against defendant for the year 1933, is affirmed; in all other respects the judgment is reversed and the cause is remanded to that court, with directions to enter judgment for the People in the amount of $4093.21, taxes for the year 1932, and $1852.12, taxes for the year 1934, the amounts stipulated by the parties.

*Affirmed in part; reversed in part,*
*and remanded, with directions.*