(No. 25623.—

THE PEOPLE *ex rel.* F. W. Ward, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 14, 1940.*

CHARLES A. HELSELL, R. C. BECKETT, and MEEKS & LOWENSTEIN, (V. W. FOSTER, and E. C. CRAIG, of counsel,) for appellant.

OLIVER D. MANN, State's Attorney, and THOMAS C. STIFLER, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The Illinois Central Railroad Company objected to certain taxes of the town of South Ross in Vermilion county for the year 1937. The objections were overruled, judgment was entered and this appeal followed.

The taxes objected to were the township and pauper tax and the road and bridge tax. Considering first the town tax, it appears from the record that a levy of $8350 for town and pauper purposes was extended at a rate of forty-one cents, and the objection to this is that the proceedings of the annual town meeting failed to disclose any tax was authorized by that meeting or that the town clerk was authorized to file any certificate of levy or that any tax was voted. The facts are all stipulated and the only record of the town meeting in question failed to disclose the levy of any tax whatever. This levy was void and the objection to it should have been sustained. *People* v. *Louisville and Nashville Railroad Co.* 350 Ill. 274.

On the other hand, we can find no valid objection to the road and bridge tax. It is contended by the appellant that at a meeting of the board of town auditors an attempt was made to levy the road and bridge tax in question at a rate of twenty-five cents per one hundred dollars and that no sum in dollars was levied. The argument in support of this point is very short, occuying less than a page in the brief and seems to be based upon a mistaken assumption

that, in this particular case, some action by the board of town auditors was required. It is true, as argued, that ordinarily taxes cannot be levied by rate, only, but it is also true that the highway commissioner is not required to get the consent of the board of town auditors unless the rate to be levied is in excess of twenty-five cents on each hundred dollars valuation. If no excess rate is to be imposed, the highway commissioner has sole power to determine the rate and the amount and to make the levy. (*People* v. *Baltimore and Ohio Railroad Co.* 322 Ill. 623.) On the record before us, we find that the commissioner fixed the rate of twenty-five cents and fixed the amount with detailed itemization, thus performing both of the duties imposed upon him. (*People* v. *Payne,* 296 Ill. 236.) It is unnecessary to consider any action taken by the board of town auditors because the proceedings and record in that respect are surplusage.

The judgment of the county court of Vermilion county is reversed in part and affirmed in part. The cause is remanded to that court, with directions to sustain the objections to the township and pauper tax and overrule the objections to the road and bridge tax.

*Affirmed in part, reversed in part,*
*and remanded, with directions.*