Western Sand and Gravel Company, Plaintiff-Appellee, and Cross-Appellant, v. Town of Cornwall, Henry County, Illinois, Defendant-Appellant.

Charles Sears, as Treasurer of Town of Cornwall; Charles Sears, as Treasurer of Road and Bridge Fund of Town of Cornwall; and Charles Sears, Individually, Defendants and Cross-Appellees.

Gen. No. 10,652.

Opin-ion filed April 20, 1953. Rehearing denied May 5, 1953. Released for publication May 5, 1953.

SHAW & CHAMBERLAIN, of Geneseo, for appellant and cross-appellees.

WELCH & WELCH, and ANDREWS & ANDREWS, all of Kewanee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On October 14, 1944, the plaintiff, Western Sand & Gravel Company, filed its complaint in the circuit court of Henry county, Illinois, against Cornwall township. Later on November 5, 1945, the plaintiff amended its

complaint naming the Town of Cornwall, as the defendant.

The pleadings are very voluminous, but in substance are as follows: The complaint alleged that on September 1, 1943, the Town of Cornwall delivered to plaintiff a form for proposal, for constructing certain gravel roads in Cornwall township; that bids were to be received on September 18, 1943; and that plaintiff filed its bid with the township clerk on September 17, 1943, accompanied by a cashier's check for $7,000. The purpose of the cashier's check was stated in the proposal as follows:

"If this proposal is accepted and the undersigned shall fail to execute a contract and contract bond, as required herein, it is hereby agreed that the amount of the cashier's check or bank draft shall become the property of the Township and shall be considered as payment of damages due to repay any other causes suffered by the Township because of the failure to execute said contract and the contract bond, otherwise cashier's check or bank draft or bidders bond substitute in lieu thereof shall be returned to the undersigned."

The complaint further alleges that the plaintiff was the low bidder and was awarded the contract; that on November 2, 1943, plaintiff, "in accordance with its said proposal as required and modified by said resolution of defendants Town Board, adopted October 28, 1943," executed a contract and submitted performance bonds and presented them to defendant within fifteen days after notice of the award to it of the contract, and that defendant refused to execute the contract and cashed the said check of $7,000, returning, however, to plaintiff the sum of $955, but refusing to return to plaintiff the balance of $6,045. Copies of the proposal, instructions to bidders, bids, bonds, contract, and resolution were attached to the complaint as exhibits and made a part of the complaint.

The defendant answered, denied that it, the Town of Cornwall, had done any of the things alleged to have been done by it, and stated that the highway commissioner had given notice to bidders, had received bids (the plaintiff's bid being the lowest), had awarded the contract to plaintiff, had received plaintiff's check, and when plaintiff failed to present the contract and bond to him within fifteen days after notice of award, had declared a forfeiture of ten per cent of the bid.

The theory of the complaint was that the plaintiff and the defendant had entered into a valid contract relation by calling for bids and receiving them by the defendant, and that although the plaintiff had done everything required of it by the proposal, the defendant had refused to perform its part of the transaction by executing the contract submitted by plaintiff, and approving its bond, but instead, cashed plaintiff's check and kept the proceeds.

The case was tried upon the original pleadings and at the conclusion thereof, the plaintiff filed two additional counts. One against the defendant, Town of Cornwall, in effect, "a count for money had and received," merely reciting that the defendant had become possessed of money belonging to the plaintiff, and should be required to pay the same to the plaintiff. The other count was against Charles Sears, individually, Charles Sears, as the treasurer of the Town of Cornwall, and Charles Sears, as treasurer of the road and bridge fund of Cornwall township. The theory of this count is that the check in question was made payable to the treasurer of Cornwall township and in one of his capacities as treasurer or individually, he had cashed the check, and still retains the same.

On September 18, 1943, sealed bids were received for the improvement of forty miles of road in Cornwall township. Plaintiff had received a form of proposal and submitted a bid for the project. On September

18th, the bids were opened and the plaintiff was found to be the low bidder. It was publicly announced by the highway commissioner at that time. On October 3, 1943, the County Superintendent of Highways of Henry county prepared and mailed a notice of the award of the contract and the necessary contract and contract bond to the highway commissioner of said township. On October 4th, these documents were mailed to the plaintiff by registered mail and a return receipt returned to the commissioner of highways of said township.

Shortly after the bids were received, it was found that the plaintiff's bid was about sixty cents lower, per yard of gravel than the next lowest bidder. It was questioned whether this was a mistake on the part of the plaintiff, or whether he could furnish the gravel for that price. The Town Board of Cornwall township passed a resolution recommending to the commissioner of highways that he enter into a contract with the plaintiff for an additional twenty-five cents per yard for this gravel. There were several communications back and forth between the highway commissioner, and the gravel company relative to the contract. The main contention seemed to have been that before the commissioner would enter into the contract with the plaintiff, for the extra twenty-five cents per yard for the gravel, the plaintiff must start immediately doing the work. This never was done.

██ The plaintiff contends that they complied fully with the contract by presenting a bond and a contract within fifteen days after they were notified that they had received the contract. The evidence does not support this contention. After the plaintiff had failed to sign the contract, as provided in his original bid, the check in question was cashed and placed in the road and bridge fund of the township.

William Sleaford, the former highway commissioner of Cornwall township, was called by the plaintiff as an adverse witness. The defendant objected to this, as he was not a party to the suit, but the court heard the evidence subject to the objection, and during his examination in regard to the $7,000 check in question, he stated that the check was delivered at the same time the bid of plaintiff was received, and that the check was cashed by the treasurer of Cornwall township and not much of it now remains. It was cashed December 2, 1943, and "it became part of the road and bridge fund of Cornwall Township."

Under the law the supervisor of the township is treasurer of the township funds, also of the road and bridge funds and other funds. Each fund is kept separately. Before he can pay out any money from the road and bridge fund, he must have a voucher drawn by the commissioner of highways, and countersigned by the town clerk, and that will be his authority to issue a check on the road and bridge fund.

 The advertisement for bids is signed as follows: "The Town Board of Cornwall Township Henry County, Illinois, By William Sleaford, Commissioner of Highways, Cornwall Township, Henry County, Illinois." It is claimed by the appellee that this was the advertisement of the Town of Cornwall for bids for this road improvement. It now concedes that the Town of Cornwall had no authority whatsoever, to advertise for such bids, as it was wholly within the scope and authority of the commissioner of highways to contract for any road improvement. Both the appellee and appellant cite the case of *American Mexican Refining Co. v. Wetzel*, 350 Ill. 575, as sustaining their side of the case. It is there held that the highway commissioner is a quasi corporation and is charged with the duty of maintaining the highways in the township, and his contracts are authorized by the statute, and the

business of the highway commissioner is separate and distinct from the affairs of the township. The highway commissioner was defending a suit against him for the price of road oil on the ground that the township was obliged to pay, but the court held that the maintenance of the roads was the duty of the highway commissioner, and the township was not liable. The record does not disclose that the Town of Cornwall had anything to do with this advertisement, and if it did, it should be treated as surplusage. (*People v. Illinois Central Railroad Company,* 374 Ill. 92.) It is claimed in the pleadings that the Town of Cornwall received this money. The burden is upon the plaintiff to prove this allegation of their complaint, and it is our conclusion that it has wholly failed to trace this money into the hands of the Town of Cornwall.

██ All the correspondence relative to this contract was carried on between the gravel company and the commissioner of highways and each was treating it as a valid and existing agreement to enter into a contract, as provided by the specifications and the gravel company's bid. Since the plaintiff had failed to submit the contract and bond within the time prescribed in the specifications for bids and for the amount of his bid of $1.43 per cubic yard for the gravel in question, within fifteen days from the time that the company received notice of the acceptance of the bid, the road commissioner had a right to forfeit the contract and have this check cashed. There is no evidence whatsoever, that the supervisor of the township as treasurer either of the township funds, or as treasurer of the road and bridge funds, or the supervisor as an individual ever gained one cent by this transaction, as the money was deposited in the road and bridge fund of the township, as it should have been.

██ It is our conclusion that the court properly found that Charles Sears, as treasurer of the Town of

Cornwall and Charles Sears, as treasurer of the road and bridge fund of said town, and Charles Sears, individually, was not indebted in any way to the plaintiff, and the judgment in that respect will be affirmed. It is further our conclusion that the court erred in finding the Town of Cornwall indebted to the plaintiff in any sum, and the judgment in that respect will be reversed.

*Judgment affirmed in part and reversed in part.*